BEELER *v.* GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—RIGHT TO CROSS-EXAMINE—PHYSI-
CIANS—DUE PROCESS.

Denying a workmen's compensation claimant the right to cross-
examine a physician who had been selected by the workmen's
compensation referee to examine the claimant's X-rays is a
denial of due process necessitating reversal.

2. WORKMEN'S COMPENSATION—RIGHT TO CROSS-EXAMINE—WAIVER—
SILENCE.

The failure of the plaintiff, a workmen's compensation claimant,
to make a motion to cross-examine a doctor who had, at the
request of the workmen's compensation referee, examined
plaintiff's X-rays and who had submitted a report to the
referee, after receiving a copy of the report submitted to the
referee, did not constitute a waiver of the right to cross-
examine where, before sending the X-rays to the doctor, plain-
tiff's attorney wrote the referee that the request to forward
the X-rays would be complied with, and that the attorney
assumed he would have a copy of the report and the opportunity
to cross-examine the doctor; because a waiver of the right
to cross-examine will not be presumed from silence.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 April 7, 1971, at
Detroit. (Docket No. 9503.) Decided April 23,
1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 388.
Rights as to examination or cross-examination of neutral physician
appointed in proceeding under workmen's compensation act, and
as to opportunity to introduce further testimony to controvert
or support his testimony, 109 ALR 598.

Walter Beeler presented his claim against Central Foundry Division, Saginaw Malleable Iron Plant, General Motors Corporation for workmen's compensation. Award denied. Plaintiff appeals by leave granted. Remanded for further proceedings.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy,* for defendant.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

Danhof, J. Plaintiff brought this action seeking benefits under the Workmen's Compensation Act. The plaintiff contends that he suffered an injury caused by inhaling smoke, dust, fumes, and similar irritants at his place of employment.

A hearing was held at which only the plaintiff's testimony was taken. Subsequently the depositions of two physicians were submitted. The referee then indicated that he wished to have X-rays of the plaintiff examined by an independent physician. The plaintiff's attorney responded to the referee's request with a letter which contained the following statements:

"Pursuant to your instructions and in accordance with your investigative powers under the Workmen's Compensation Act, I have instructed Dr. Shapiro to send to the doctor chosen by you, the X-rays regarding Mr. Beeler.

"I would assume in conjunction with that we will be favored with both reports and the opportunity to cross-examine the doctor chosen, if you choose to

consider his views in the determination of this case."

The physician examined the X-rays and submitted a report to the referee. The report indicated that the plaintiff had not suffered an injury. On June 5, 1968, the referee mailed a copy of the physician's report to the plaintiff's attorney. In a decision dated July 2, 1968, and mailed July 15, 1968, the referee found that the plaintiff had not suffered a personal injury arising out of and in the course of his employment.

On appeal one issue of substance is presented: whether the plaintiff was deprived of due process of law because he was not allowed to cross-examine the physician that had been selected by the referee. The denial of this right would, of course, require a reversal. See 2 Larson Workmen's Compensation, § 79.63.

The appeal board held that the plaintiff had waived the right to cross-examine by the failure to make an appropriate motion after he had received a copy of the doctor's report. We do not agree. Particularly in view of the plaintiff's earlier request for cross-examination, we cannot presume waiver merely from his silence.

Remanded for further proceedings. We do not retain jurisdiction.

All concurred.