DeGEER v DeGEER FARM EQUIPMENT COMPANY

1. WORKMEN'S COMPENSATION—PERMANENT AND TOTAL DISABILITY—
SUPREME COURT—FINDINGS OF FACT.

Michigan Supreme Court is bound by law to accept a decision of
the Workmen's Compensation Appeal Board where a claimant
applied for permanent and total disability benefits, if the board
correctly understood the law and determined as a matter of
fact that claimant did not suffer permanent and total disability;
if, however, the board erroneously interpretated the Workmen's
Compensation Act in reaching its decision, the Court has the
duty and authority to correct any such erroneous legal conclu-
sions (Const 1963, art 6, § 28; MCLA 418.861).

2. WORKMEN'S COMPENSATION—REMAND—SUPREME COURT—FINDINGS
OF FACT—LOSS OF USE OF LEGS—LOSS OF INDUSTRIAL USE—
PERMANENT AND TOTAL DISABILITY.

Michigan Supreme Court must remand a case to the Workmen's
Compensation Appeal Board for further proceedings where the
Court is unable to perform that necessary first step in review-
ing a decision of the Workmen's Compensation Appeal Board
by separating its findings of fact from its understanding of the
law controlling the case because the opinion of the board has
combined its findings of fact and legal conclusions in such a
manner that the opinion may be fairly read to support either
claimant's position that the board denied benefits because it
interpreted the law to limit recovery to factual situations in
which the disability results from a direct injury to the legs, or
his employer's and the Second Injury Fund's position that no
permanent and total loss of industrial use was factually estab-
lished.

3. WORKMEN'S COMPENSATION—QUESTION OF LAW—APPEAL AND ER-
ROR—SUPREME COURT.

Michigan Supreme Court cannot review the findings of the Work-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 283.
[2, 4] 58 Am Jur, Workmen's Compensation §§ 282, 283, 287, 288.
[3] 58 Am Jur, Workmen's Compensation §§ 461, 530.

men's Compensation Appeal Board as a question of law if the board has done nothing more than to present the Court with a conclusory finding in the form of the statutory language; the Court needs to know the path the board has taken through the conflicting evidence and the board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion.

4. WORKMEN'S COMPENSATION—REMAND—LOSS OF USE OF LEGS—LOSS OF INDUSTRIAL USE—PERMANENT AND TOTAL DISABILITY.

On remand of a workmen's compensation case to the Workmen's Compensation Appeal Board, if claimant establishes that the use of his legs produces such disabling back pain that he is no longer able to use his legs to perform any reasonable employment, then he will clearly be eligible for permanent and total disability benefits under the section of the Workmen's Compensation Act which grants extended benefits when injury results in the permanent and total loss of industrial use of both legs (MCLA 418.361[2] [g]).

Appeal from Court of Appeals, Division 1, Levin, P. J., and V. J. Brennan and O'Hara, JJ., denying application for leave to appeal from an order of the Workmen's Compensation Appeal Board. Submitted January 9, 1974. (No. 9 January Term 1974, Docket No. 54,532.) Decided February 14, 1974.

Claim by Edward B. DeGeer against DeGeer Farm Equipment Company, Sentry Insurance Company and Second Injury Fund for workmen's compensation for the loss of industrial use of both legs. Award denied. Court of Appeals denied plaintiff's application for leave to appeal. Plaintiff appeals. Reversed and remanded to the Workmen's Compensation Appeal Board for further proceedings.

*Rapaport, Siegrist, Sablich & Mitchell,* for plaintiff.

*Cholette, Perkins & Buchanan,* (Edward D.

*Wells,* of counsel), for defendants DeGeer Farm Equipment Company and Sentry Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David J. Watts* and *A. C. Stoddard,* Assistants Attorney General, for Second Injury Fund.

SWAINSON, J. In 1956 plaintiff-appellant Edward B. DeGeer suffered a back injury during the course of his employment with the DeGeer Farm Equipment Company. Compensation was paid voluntarily for the first 500 weeks of disability. After the period of initial compensation expired, appellant filed an application for a hearing with the Workmen's Compensation Department alleging permanent and total disability and seeking further compensation under Part II, § 10(b)(7) of the Workmen's Compensation Act which grants extended benefits when injury results in the "[p]ermanent and total loss of industrial use of both legs * * * ." (1956 PA 195; MCLA 412.10; MSA 17.160, reenacted by MCLA 418.361[2] [g]; MSA 17.237[361] [2] [g].)[1]

A hearing was held before a Workmen's Compensation Department hearing referee. The hearing referee granted appellant's application for permanent and total disability benefits, stating in part:

---

[1] We note with approval the Workmen's Compensation Appeal Board's application of the holding in *Rasar v Chrysler Corp,* 382 Mich 169; 169 NW2d 303 (1969), in this case. In the words of the Appeal Board:

"Plaintiff was injured prior to the 1956 amendment and if he is permanently and totally disabled as such term was defined in the 1956 amendment by the addition of Sec. 10 (b)(7), Part II, then the liability for both the differential payments accruing thereafter and all payments in excess of 500 weeks would be the liability of the Second Injury Fund."

"The plaintiff is totally and permanently disabled as
a matter of fact. The question is whether or not he can
meet the statutory definition of permanent and total by
establishing the loss of use of his legs.

*   *   *

"There is no condition in plaintiff's legs which would
disable him. His disabling condition is in his back
where he has had four operations. Because of his back
he cannot tolerate prolonged sitting, standing, or walk-
ing. He cannot use his legs long enough or consistently
enough to qualify for type of employment which could
reasonably be anticipated. I believe these facts require a
finding of loss of use of both legs under the authority of
*Paulson v Tile Company,* 371 Mich 312 [123 NW2d 715
(1963)]."

The decision of the referee was thereafter re-
versed on review by the Workmen's Compensation
Appeal Board. The Appeal Board found appellant
ineligible for any total and permanent disability
benefits. It concluded:

"The legal rules which must guide our determination
as to whether plaintiff has suffered the industrial loss of
use of both limbs are detailed in the Supreme Court's
holdings in *Paulson, supra; Miller v Sullivan Milk
Products, Inc,* 385 Mich 659 [189 NW2d 304 (1971)];
*Whitt v Ford Motor Co,* 383 Mich 726 [178 NW2d 917
(1970)]; and the Court of Appeal's holdings in *Lockwood
v Continental Motors Corp,* 27 Mich App 597 [183
NW2d 807 (1970)], and *Kozlowski v Chrysler Corp,* 25
Mich App 392 [181 NW2d 785 (1970)].

*   *   *

"[P]laintiff's medical proofs will not in our opinion
support his claim that he has suffered the industrial
loss of use of both legs. Both physicians are in agree-
ment that plaintiff's employment opportunities are lim-
ited because of the injury and subsequent surgery to his
back, however, both plaintiff's medical witness and the
defendant's medical witness agree that plaintiff is able
to perform work which would of necessity require the

use of the lower limbs. Neither doctor would testify that plaintiff has in fact suffered the industrial loss of use of his lower extremities. In our opinion the proofs presented will not support a finding that plaintiff has in fact suffered the industrial loss of use of both limbs as a result of the injury he suffered in February, 1956."

The Court of Appeals (LEVIN, J. dissenting) denied leave to appeal. This Court subsequently granted leave to appeal, 389 Mich 803 (1973) and ordered that this case be argued on the same day as *Burke v Ontonagon County Road Commission,* 389 Mich 804 (1973).

Appellant raises one basic question for our consideration.

"Where an employee suffers a back injury which upon use of his legs produces such disabling back pain that no form of employment could reasonably be anticipated, does such employee suffer the industrial loss of use of his legs?"

I

Our first step in reviewing a decision of the Workmen's Compensation Appeal Board is to separate its findings of fact from its understanding of the law controlling the case. If the Appeal Board correctly understood the law and determined as a matter of fact that appellant did not suffer permanent and total disability, we are bound by law to accept its decision in this case. Const 1963, art 6, § 28; MCLA 418.861; MSA 17.237(861). If, however, the Appeal Board erroneously interpreted the Workmen's Compensation Act in reaching its decision, we have the duty and authority to correct any such erroneous legal conclusions. *Id.*

In the present case we are unable to perform that necessary first step of review. Unfortunately,

the opinion of the Appeal Board has combined its findings of fact and legal conclusions in such a manner that the opinion may be fairly read to support either appellant's position that the Appeal Board denied benefits because it interpreted the law to limit recovery to factual situations in which the disability results from a direct injury to the legs, or appellees' position that no permanent and total loss of industrial use was factually established. Consequently, we must remand this case for further proceedings consonant with the remainder of today's opinion.

In order to allow the appellate courts to properly perform the review function we remind the appeal board that:

"We cannot * * * review the findings of the board as a question of law if * * * it has done nothing more than to present us with a conclusory finding in the form of the statutory language. We need to know the path the board has taken through the conflicting evidence. The appeal board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion." *McClary v Wagoner,* 16 Mich App 326, 327–328; 167 NW2d 800 (1969).

## II

In *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974), Justice WILLIAMS has thoroughly reviewed the scope of disability required to bring a claimant within the statutory phrase, "permanent and total loss of industrial use of both legs * * * ." In *Burke,* this Court adopted the following test:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

1. An employment-related injury in one or both legs

causes pain or other condition that prevents use of both legs in industry.

2. The use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." 391 Mich 103, 114; 214 NW2d 797 (1974).

If appellant DeGeer, on remand, establishes that the use of his legs produces such disabling back pain that he is no longer able to use his legs to perform any reasonable employment, then he will clearly be eligible for permanent and total disability benefits under the above discussed section of the Workmen's Compensation Act.

Reversed and remanded to the Workmen's Compensation Appeal Board for further proceedings, including the taking of additional testimony if requested, by the Appeal Board or any party, to comply with this opinion. Costs to plaintiff-appellant.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, WILLIAMS, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.

LEVIN, J., did not sit in this case.