GREER v JOHN E. GREEN PLUMBING & HEATING COMPANY

OPINION OF THE COURT

1. ADMINISTRATIVE LAW—EVIDENCE—AGENCY PROCEDURE—RIGHT OF CROSS-EXAMINATION.

The evidentiary procedure before an administrative agency, while it need not adhere to the formal rules of court, must respect the basic right to cross-examine as part of procedural due process of law.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—FINDINGS OF FACT.

Findings of fact made by the Workmen's Compensation Appeal Board are conclusive in the absence of fraud (Const 1963, art 6, § 28, MCLA 418.861; MSA 17.237[861]).

DISSENT BY BEASLEY, J.

3. WORKMEN'S COMPENSATION—REMAND—OPPORTUNITY FOR CROSS-EXAMINATION.

*A decision of the Workmen's Compensation Appeal Board should be remanded to the referee for supplementation of the record to permit the claimant to cross-examine a doctor previously deposed by the defendant where the claimant did not cross-examine the doctor and where the claimant, whose claim was denied, believes such cross-examination may change the result.*

Appeal from Workmen's Compensation Appeal Board. Submitted March 11, 1977, at Detroit. (Docket No. 28457.) Decided May 3, 1977. Leave to appeal applied for.

Claim by Allen C. Greer against John E. Green Plumbing & Heating Company and Michigan Mu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Administrative Law § 150.
[2] 82 Am Jur 2d, Workmen's Compensation § 565.
[3] 82 Am Jur 2d, Workmen's Compensation § 458.

tual Liability Company for workmen's compensation. Benefits denied. Plaintiff appeals by leave granted. Affirmed.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.,* for plaintiff.

*Davidson & Breen, P. C.,* for defendants.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and BEASLEY, JJ.

M. F. CAVANAGH, P. J. Plaintiff appeals by leave granted from a decision of the Workmen's Compensation Appeal Board which denied his claim for disability compensation.

Plaintiff sought compensation for a bad heart condition and chest pains sustained while engaged in heavy physical labor as a plumber in 1971. Defendants deposed Dr. Vernal Cambridge, M.D., plaintiff's treating physician, in January, 1973. Plaintiff's attorney did not attend this deposition. A second deposition was taken from plaintiff's medical expert, Dr. Helen Winkler, M. D., on January 17, 1974. At the referee's hearing on January 22, 1974, plaintiff's counsel moved to quash the deposition of Dr. Cambridge, or in the alternative, to gain an opportunity to cross-examine Dr. Cambridge by means of an additional deposition. The motions were denied.

After examination of the physician's depositions and the witnesses' testimony, the referee denied plaintiff's application for compensation benefits, holding that the medical proofs failed to sustain plaintiff's claim.

A divided Workmen's Compensation Appeal Board affirmed the referee's decision. The appeal board held that the plaintiff had waived his right

to cross-examine Dr. Cambridge by failing to take any action after the taking of the deposition or to subpoena the doctor to testify at the hearing. The majority agreed with the referee that the plaintiff had failed to sustain his burden of proof that his employment was at least a contributing cause of his disability.

Plaintiff's counsel renews on appeal his claim that he was misled to believe that the deposition of Dr. Cambridge had been postponed. From this premise, he argues that use of the deposition, taken without fair notice, deprived plaintiff of due process of law.[1]

While agency evidentiary procedures need not adhere to the formal rules of court, *Rentz v General Motors Corp,* 70 Mich App 249; 245 NW2d 705 (1976), it is clear that agency procedure must respect the basic right to cross-examine as part of procedural due process of law. *Beeler v General Motors Corp,* 32 Mich App 661; 189 NW2d 64 (1971). However, unlike the plaintiff in *Beeler, supra,* this plaintiff had adequate opportunity to seek another deposition before trial or to subpoena the doctor as a witness. We will not raise plaintiff's own inattention to the level of a due process violation.[2]

Plaintiff also asserts that the appeal board's

[1] Defendants deny that the taking of the deposition was postponed. Neither the referee nor the appeal board decided this factual dispute, and our resolution of the issue makes a remand unnecessary.

[2] We must note that part of the confusion in this case stems directly from the Bureau of Workmen's Compensation's failure to promulgate procedural rules governing submission of depositions or other documentary evidence. The bureau sought successfully to exempt itself from the useful guidelines of the Administrative Procedures Act, 1969 PA 306, chapter 4; MCLA 24.271–24.287; MSA 3.560(171)–3.560(187). See MCLA 24.315; MSA 3.560(215) and *Report of Administrative Law Commission on Proposed Changes to Act 306, Public Acts of 1969,* pp 25–26. It must now carry out its statutory responsibility through promulgation and enforcement of reasonable rules of procedure. MCLA 418.853; MSA 17.237(853).

decision on the merits is not supported by the evidence.

"Under the constitution (art 6, § 28) and the statute (MCLA 418.861; MSA 17.237[861]) the board's findings of fact are conclusive in the absence of fraud." *Steel v Suits News Co,* 398 Mich 171, 177; 247 NW2d 284, 286 (1976).

Upon a review of the record, we find that the appeal board's decision is supported by competent evidence.

Affirmed. Costs to appellees.

R. B. Burns, J., concurred.

Beasley, J. *(dissenting).* I must respectfully dissent.

While I would not disagree with the technical position asserted by my brothers, I would not elevate form over substance. Claimant believes cross-examination of Dr. Cambridge might change the result. Although it is essentially his own fault, he has not had that opportunity. Therefore, I would set aside the decision and remand to the referee for the limited purpose of supplementing the present record to permit such cross-examination of Dr. Cambridge, and to permit defendants to offer such other proofs, if any, that defendants may believe necessary as a result of the cross-examination of Dr. Cambridge. The referee would then render his decision on the supplemented record. I would not award costs since claimant was responsible for the situation giving rise to the appeal.