ARNOLD v GENERAL MOTORS CORPORATION

Docket No. 77-2628. Submitted March 7, 1978, at Lansing.—Decided July 18, 1978.

Orvell J. Arnold, formerly employed by General Motors Corporation, applied for workmen's compensation benefits. The hearing referee denied benefits, and on appeal, the Workmen's Compensation Appeal Board affirmed the denial. Arnold appeals by leave granted, contending that the appeal board did not adequately set forth the testimony it adopted or the standard and reasoning used in reaching its conclusion that Arnold's obstructive lung disease did not arise in or from the course of his employment, and that there was no evidence from which the appeal board could conclude that he did not carry his burden of proof. *Held:*

The proper standard to be applied in a case such as this is that if the claimant is disabled because his employment aggravated, accelerated, or combined with an internal weakness or disease, he is entitled to compensation. The appeal board's decision gives no indication of what standard the board applied, therefore the case must be remanded for findings of fact and conclusions of law, with a factual and legal basis for the board's conclusions.

Remanded.

1. Workmen's Compensation—Appeal and Error—Findings of Fact—Understanding of Law.

The Court of Appeals, when reviewing a decision of the Workmen's Compensation Appeal Board, must first separate the board's findings of fact from its understanding of the law controlling the case; to make such review meaningful it is necessary for the board to set out the testimony it adopted, the reasoning it followed, and the standard it applied in reaching its conclusion.

References for Points in Headnotes
[1] 82 Am Jur 2d, Workmen's Compensation §§ 616, 631.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 290–298.
[3] 82 Am Jur 2d, Workmen's Compensation § 631.

2. WORKMEN'S COMPENSATION—DISABILITY DUE TO DISEASE—STAN-
   DARD.

   The proper standard to be applied to a case in which an employee
   claims disability from a disease is that if the claimant is
   disabled because his employment aggravated, accelerated, or
   combined with an internal weakness or disease, he is entitled
   to compensation.

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—CONCLUSIONS—STANDARD—REMAND.

   A case in which the Workmen's Compensation Appeal Board
   simply stated its conclusion in the statutory language, without
   indicating in its opinion the standard which it applied in
   reaching its conclusion, should be remanded to the board for
   consideration of the matter under the proper standard.

*Rosenberg & Vigiletti, P. C.,* for plaintiff.

*Munroe & Nobach, P. C.* (by *George H. Wyatt, III*), for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK, JR.
and S. EVERETT,* JJ.

DANHOF, C. J. Plaintiff appeals by leave from a
June 10, 1977, order of the Workmen's Compensa-
tion Appeal Board affirming the decision of the
referee denying compensation benefits. Plaintiff,
on appeal, argues that the Workmen's Compensa-
tion Appeal Board did not adequately set forth the
testimony it adopted, or the standard and reason-
ing it used in reaching its conclusion that plain-
tiff's obstructive lung disease did not arise out of
or in the course of his employment. Plaintiff also
contends that there was no evidence from which
the Workmen's Compensation Appeal Board could
conclude that plaintiff did not carry his burden of
proof.

Plaintiff was employed by defendant as a car-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

penter from 1957 to 1970. He testified that the atmosphere he worked in was "very foul and a very hazy blue smoky condition". His work area was unventilated and battery fumes and engine exhaust permeated the area. For approximately ten hours a week, plaintiff repaired wooden floor blocks using tar. This tar emitted smoke and fumes. Plaintiff did not wear any protective mask.

Plaintiff developed severe breathing problems in 1970 which forced him to stop working. On his last day of work, plaintiff was diagnosed as having bronchitis, emphysema, well-controlled diabetes, arteriosclerosis and chronic obstructive lung disease. Only the obstructive lung disease is at issue.

The proper procedure for reviewing workmen's compensation decisions is set out in *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974),

"Our first step in reviewing a decision of the Workmen's Compensation Appeal Board is to separate its findings of fact from its understanding of the law controlling the case. If the Appeal Board correctly understood the law and determined as a matter of fact that appellant did not suffer permanent and total disability, we are bound by law to accept its decision in this case."

To make this review meaningful, it is necessary for the board to set out the testimony it adopted, the reasoning it followed, and the standard it applied in reaching its conclusion, *Frammolino v Richmond Products Co,* 79 Mich App 18; 260 NW2d 908 (1977). Although it would be desirable for the board to explicitly designate its findings, reasonings and standards as such, it is sufficient if a review of the record allows one to reasonably conclude from it what testimony, reasoning and standards were, in fact, used.

Even though the board does not explicitly state which testimony it is adopting, a review of the record sufficiently indicates this for the purpose of appellate review. It is apparent from their controlling opinion that the board was relying on the testimony of Dr. Harris that, in most cases, the origin and cause of obstructive lung disease is unknown and that he could not specify the origin of the disease in this particular case. The board also appears to have accepted the doctor's testimony that many things (such as smoke and fumes) can aggravate this disease and that the disease process will progress even in the absence of aggravating factors. The board's acceptance of this last evidence is also supported by their recital of the fact that plaintiff's disease continues to progress even though he has stopped work and moved to Arizona. Also, it appears from the board's opinion that they were relying on the fact that plaintiff had not mentioned his work environment as a possible source of his problems to the doctor before suit, as a factor which undermined his credibility.

However, the reasoning and standards that the board used in reaching its decision are unclear. The board does not give any indication of how it proceeded from the facts it accepted to the conclusion that "plaintiff did not receive a personal injury arising out of and in the course of his employment". The board merely recites the testimony and then, in the statutory language, states its ultimate conclusion.

If the structure or wording of the opinion gives one any clues as to what standard the board used, they indicate that it applied the wrong standard. The correct legal standard for this case is set out in *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975). If a claimant is disabled on

account of his employment aggravating, accelerating, or combining with some internal weakness or disease, then he is entitled to compensation.

The opinion of the board does not show that it applied this standard. In fact, a reading of the opinion leads one to conclude that the board was applying the causal relation test which was overruled in *Deziel, supra.* Almost all the testimony referred to relates to the origin of the disease and its progressive nature. If the board did apply the "causal relation" standard, the case must be remanded for new findings. Contrary to defendant's contention, it makes no difference if the evidence could support the board's finding under the *Deziel* standard. The board was entrusted by the Legislature with the duty to assess the evidence under the proper standard and find the facts. That the board might have reached the same conclusion if it had applied the proper standard, does not mean that it necessarily would have. Similarly, while administrative considerations might require that an appellate court defer to the board's decision on these facts if it had applied the proper standard, these same considerations do not apply to the board when it decides the case. Thus, even though the facts found could support a decision under the proper standard, the proper procedure where the board does not indicate its standard is to remand so the board can consider the issue under the proper standard, *Leskinen v Employment Security Comm,* 398 Mich 501; 247 NW2d 808 (1976), *DeGeer, supra, Frammolino, supra, Lamb v John's Tavern,* 37 Mich App 678; 195 NW2d 278 (1972). As the Court noted in *DeGeer, supra,* at 100–101:

> "Unfortunately, the opinion of the Appeal Board has combined its findings of facts and legal conclusions in such a manner that the opinion may be fairly read to

support either appellant's position that the Appeal
Board denied benefits because it interpreted the law to
limit recovery to factual situations in which the disabil-
ity results from a direct injury to the legs, or appellees'
position that no permanent and total loss of industrial
use was factually established. Consequently, we must
remand this case for further proceedings consonant
with the remainder of today's opinion. * * * .

" 'We cannot * * * review the findings of the board as
a question of law if * * * it has done nothing more
than to present us with a conclusory finding in the form
of the statutory language. We need to know the path
the board has taken through the conflicting evidence.
The appeal board should indicate the testimony
adopted, the standard followed, and the reasoning it
used in reaching its conclusion.' "

This quotation is particularly applicable to the
instant case in which the board simply stated its
conclusion in one sentence quoting the statutory
language, *Leskinen, supra.* There is no indication
of what standard it applied.

Accordingly, we remand this case to the Work-
men's Compensation Appeal Board with directions
that it make findings of fact and conclusions of law
determining whether plaintiff suffered a legal in-
jury arising out of or aggravated or accelerated by
his employment and that the board assign a fac-
tual and legal basis for its conclusions.

We do not retain jurisdiction.