COOPER v CHRYSLER CORPORATION

Docket No. 56857. Submitted January 18, 1983, at Detroit.—Decided
    May 18, 1983.

Thomas W. Cooper filed a petition against Chrysler Corporation
    for workers' compensation benefits. Cooper had worked for
    Chrysler from 1969 to 1973, when he left his job because of
    chest pains and breathing problems. From 1955 to 1964, he had
    worked for General Motors Corporation. Chrysler moved to add
    GM as a party defendant, and the motion was granted. GM's
    motion to suppress deposition testimony by a doctor was
    granted as to it because GM had no notice of the deposition nor
    any opportunity to cross-examine the doctor since the deposi-
    tion was taken before GM was added as a party defendant. A
    hearing referee found that Cooper was disabled from his em-
    ployment with Chrysler because of pulmonary and cardiac
    disease, that the date of injury was April 27, 1973, and that
    Chrysler had failed to establish that Cooper's work at GM was
    causally related to his disability because Cooper was symptom-
    free when he began working for Chrysler. The referee granted
    GM's motion to dismiss it as a party defendant. Chrysler
    appealed to the Workers' Compensation Appeal Board, which
    modified the referee's decision by finding that GM and Chrysler
    were both liable for payment of benefits and that the apportion-
    ment provisions and the two-year-back rule of the Worker's
    Disability Compensation Act were applicable. The WCAB or-
    dered GM to reimburse Chrysler for 65% of the total liability.
    GM appeals by leave granted. *Held:*

    1. The WCAB's factual findings are supported by competent
    evidence and its resolution of conflicting evidence was reason-
    ably adequate. However, in certain respects the WCAB's deci-
    sion is inadequate because it fails to address applicable law and
    because it applies improper legal standards. The WCAB applied
    the wrong legal standard in its decision to suppress the deposi-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 2 Am Jur 2d, Administrative Law § 424.
[2] 2 Am Jur 2d, Administrative Law § 419.
[4-6] 82 Am Jur 2d, Workmen's Compensation § 409.
[7] 81 Am Jur 2d, Workmen's Compensation § 34.

tion of the doctor as to GM. A remand is necessary so that the WCAB can consider the issue of whether or not to suppress the deposition evidence while applying the proper legal standard.

2. The WCAB applied the correct legal standards to the evidence on the record to find apportionment applicable in this case and for calculating the apportionment.

3. The WCAB's decision does not adequately state the reasons or an appropriate legal standard for its finding that the 500-week limitation provision did not apply. The case is remanded to the WCAB to allow it to apply the correct legal standard to the evidence presented on this issue, to determine the date of injury, and to apply the law as it existed at that time.

Remanded.

1. EVIDENCE — STATE AGENCIES — ADVERSE WITNESSES — CROSS-EXAMINATION.

State agencies normally are not required to adhere to evidentiary rules as rigidly as courts, but they must respect the due process rights of parties to cross-examine adverse witnesses.

2. EVIDENCE — DEPOSITIONS — STATE AGENCIES.

A deposition is not admissible in court against a party who is not notified of or present at its taking, and to the extent this evidentiary rule protects the due process rights of parties, it is equally applicable to agency proceedings (GCR 1963, 302.4).

3. EVIDENCE — DEPOSITIONS — STATE AGENCIES — WAIVER OF RIGHT TO CROSS-EXAMINE.

A state agency does not violate a party's rights to due process by admitting a deposition for which that party had no notice and was not present if that party had an opportunity to schedule another deposition prior to the administrative hearing or to subpoena the deponent as a witness at the hearing and failed to do so; such a failure constitutes a waiver of the right to cross-examine.

4. WORKERS' COMPENSATION — OCCUPATIONAL DISEASES — APPORTIONMENT OF LIABILITY — PRIOR EMPLOYERS.

A prior employer may be held liable for an occupational disease under an apportionment provision of the Worker's Disability Compensation Act where it is shown that the prior employment contributed to, aggravated, or accelerated the disease; proof that the disease was actually contracted while working for the prior employer is not required (MCL 418.435; MSA 17.237[435]).

5. WORKERS' COMPENSATION — APPORTIONMENT — STATUTES — JUDI-
   CIAL CONSTRUCTION.

   The purpose of the statute authorizing apportionment of workers'
   compensation benefits among the last employer and prior em-
   ployers is to distribute equitably the liability for a disease
   caused by similar conditions; the statute should be interpreted
   with that purpose in mind (MCL 418.435; MSA 17.237[435]).

6. WORKERS' COMPENSATION — APPORTIONMENT.

   Apportionment of liability for workers' compensation benefits
   among the last employer and previous employers is to be
   strictly on a time basis; the burden of the award should be
   proportionately distributed among the employers in relation to
   the length of time the employee served each employer (MCL
   418.435; MSA 17.237[435]).

7. WORKERS' COMPENSATION — PAYMENT OF BENEFITS.

   The law which controls the compensation to be paid a workers'
   compensation claimant is that which was in effect at the time
   of the injury.

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Robert W. Howes),* for Thomas Cooper.

*Lacey & Jones* (by *Stephen Jay Schwartz),* for
Chrysler Corporation.

*Law Offices of William Nole Evans* (by *Marcia J.
Covert,* of counsel) and *Willard W. Wallace,* for
General Motors Corporation.

Before: T. M. BURNS, P.J., and R. M. MAHER and
HOOD, JJ.

PER CURIAM. General Motors Corporation ap-
peals by leave granted the Workers' Compensation
Appeal Board's (WCAB) decision that apportions
liability between the two defendants for payment
of plaintiff's workers' compensation benefits.

Plaintiff was a coal miner for 10 to 11 years
during the 1940's and 1950's. He worked for GM
from 1955 to 1964 and for the Chrysler Corpora-

tion from 1969 until April 27, 1973, when he left his job because of chest pains and breathing problems.

On August 20, 1976, plaintiff filed a petition against Chrysler for workers' compensation benefits. On September 19, 1977, Chrysler moved to add GM as a party defendant. The motion was granted.

At the administrative hearing on plaintiff's petition, plaintiff testified that he was exposed to metallic, fabric, and other dust while he worked for GM as a spot welder, a metal finisher, and a cutter and sewer.

Between 1964 and 1969, plaintiff said he worked for a foundry, a trucking company, and an equipment company. Plaintiff said he passed his pre-employment physical before he began working for Chrysler. At Chrysler, he was exposed to oily smoke, dirt, dust, cleaning fluids, and battery acids while working as a bearing assembler, door-lock assembler, and at other jobs.

The deposition of plaintiff's physician, Dr. Ira Avrin, was entered into evidence against Chrysler only. The deposition was taken before GM was added as a party defendant. The hearing referee granted GM's motion to suppress the deposition testimony as evidence against it because GM had neither notice of the deposition nor an opportunity to cross-examine Dr. Avrin when the deposition was taken.

Dr. Avrin diagnosed some of plaintiff's diseases as chronic obstructive pulmonary disease, emphysema, and bronchitis. He said plaintiff's work in coal mines, his exposure to buffing and grinding compounds, fabric dust, and grinding materials while employed at GM and his exposure to grinding dust, cleaning solutions, and oily smoke while

employed with Chrysler all contributed to his illnesses. Dr. Avrin also stated that plaintiff was symptom-free when he began working for Chrysler.

On February 21, 1979, the hearing referee decided that plaintiff was disabled from his employment with Chrysler because of pulmonary and cardiac diseases. The referee found the date of injury to be April 27, 1973, and that Chrysler had failed to establish that plaintiff's work at GM was causally related to his disability because plaintiff was symptom-free when he began working for Chrysler. The referee granted GM's motion to dismiss it as a party defendant.

Chrysler appealed the referee's decision to the WCAB. In a February 21, 1981, decision, the WCAB modified the referee's decision. The WCAB decision states in full:

"Chrysler appealed the decision of the judge. We modify that decision. We find that plaintiff has sustained his burden of proving a work-related disability by a preponderance of the evidence. *Aquilina v General Motors Corp,* 403 Mich 206 (1978). We further find that plaintiff's disability falls under chapter 4 of the act and that the apportionment provisions of MCL 418.435; MSA 17.237(435) shall be applied, as well as the two year back rule, MCL 418.381(2); MSA 17.237(381).

"Plaintiff was exposed to many years of atmospheric pollutants, including cigarette smoke, coal mine work, and exposures at both GM and Chrysler. Dr. Avrin, the only testifying doctor, stated that plaintiff's prior coal mine exposure would make him much more sensitive to any pulmonary irritants thereafter (p 23). It is beyond the obvious to state that both GM and Chrysler took plaintiff on as an employee with this enhanced sensitivity.

"We have also considered the deposition of Dr. Avrin against both employers, noting that although General Motors entered the case rather late and objected to the

use of Dr. Avrin's deposition, it made no effort to produce any medical testimony of its own. Considering the purposes of the apportionment provision as well as the fact that General Motors was given the opportunity to depose its own medical witness (see pp 10-12 of the transcript) but did not choose to do so, we consider the deposition of the doctor against both defendants in our consideration of this case."

Accompanying this decision was an order directing GM to reimburse Chrysler for 65% of the total liability. Also mailed with the decision and order was a WCAB memorandum. In that memorandum, the WCAB said it was reasonable to find plaintiff's lung disease a product of his entire life work-history and his smoking habit. The WCAB said there was no dispute that plaintiff's lung condition was work-related, as only one doctor testified.

The memorandum briefly addresses GM's arguments against apportionment. First, the WCAB found GM a prior employer. Second, the WCAB said that GM's argument that its liability was limited to 500 weeks because of the now-repealed MCL 412.9; MSA 17.159 (repealed by 1969 PA 317), was erroneous. The WCAB's reason for rejecting this argument was that "application of such a theory would prevent application of § 435 [MCL 418.435; MSA 17.237(435), the apportionment provision] in many cases". The WCAB accepted plaintiff's testimony over the testimony of GM's lay witness regarding the plaintiff's dirty work environment at GM.

The memorandum also repeats the WCAB's decision and reasoning regarding the application of Dr. Avrin's deposition to GM. Finally, the memorandum shows the WCAB's computation of apportionment between Chrysler and GM was based

upon the time spent by plaintiff working for each defendant.

GM first argues in this appeal that the WCAB's decision does not contain adequate facts and legal conclusions as required by MCL 418.859; MSA 17.237(859). That statute provides:

"If a claim for review is filed, the board shall promptly review the order, together with the records of the hearing. The board may hear the parties, together with such additional evidence as it in its discretion may allow them to submit and shall file its order with the records of the proceedings. *It shall be the duty of the board to announce in writing its findings of fact and conclusions of law. The issuance of written opinions giving reasons therefor shall be at the discretion of the board and individual members thereof.*" (Emphasis added.)

The emphasized portion above was added by amendment, 1980 PA 357.

In *Nunn v George A Cantrick Co, Inc,* 113 Mich App 486, 493-494; 317 NW2d 331 (1982), this Court said of this statute:

"[W]e construe the statute as perpetuating the obligation of the board to provide the parties and reviewing courts with sufficiently detailed findings of fact and conclusions of law so as to enable a determination that (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships, see *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 475-476; 232 NW2d 146 (1975), have been determined with due regard for applicable law and have evidentiary support, and (4) in all other respects proper legal standards have been applied to the evidence before the board. In sum and substance, the board must write a sufficiently "compendious if not formal" deci-

sion, *Mich Employment Relations Comm v Detroit Symphony Orchestra, Inc, supra* [387 Mich 424, 429; 196 NW2d 763 (1972)], which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate review in the event of an appeal. More is gratuitous; less cannot be tolerated. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978)."

The statute gives the WCAB the discretion to determine whether a written opinion should be issued. The WCAB's findings of fact and legal conclusions may be issued in any written form. Thus, because the memorandum was mailed to the parties on the same date as the decision and order, we consider that writing a part of the WCAB's decision.

Upon our review of the written decision, order, and memorandum, we find the WCAB's factual findings supported by competent evidence and that its resolution of conflicting evidence was reasonably adequate. However, in certain respects we find the WCAB's decision inadequate for failure to address applicable law or for applying improper legal standards.

GM argues that the WCAB's use of Dr. Avrin's deposition as evidence against it violated its right to due process. Although agencies need not adhere to evidentiary rules as rigidly as courts, agencies must respect the due process rights of parties to cross-examine adverse witnesses. *Greer v John E Green Plumbing & Heating Co,* 75 Mich App 451, 453; 255 NW2d 17 (1977), *remanded on other grounds* 406 Mich 896 (1979). A deposition is not admissible in court against a party who is not notified of or present at its taking. GCR 1963, 302.4; *White v Dirks,* 380 Mich 1; 155 NW2d 165 (1968). To the extent that this evidentiary rule

protects the due process rights of parties, it is equally applicable to agency proceedings. See *Goodman v Bay Castings Div of Gulf & Western Industries,* 49 Mich App 611, 615; 212 NW2d 799 (1973).

However, an agency does not violate a party's rights to due process by admitting a deposition for which that party had no notice and was not present if that party had an opportunity to schedule another deposition prior to the administrative hearing or to subpoena the deponent as a witness at the hearing and failed to do so. Such a failure constitutes a waiver of the right to cross-examine. *Greer, supra; Hahn v Sarah Coventry, Inc,* 97 Mich App 389, 395-396; 296 NW2d 36 (1980), *lv den* 411 Mich 886 (1981).

In this case, counsel for GM apparently received a copy of Dr. Avrin's deposition prior to the hearing as he referred to it while cross-examining plaintiff. At the hearing, counsel for plaintiff argued that GM had ample opportunity to schedule a cross-examination of Dr. Avrin. Counsel for GM responded twice, "I don't want any cross-examination". Furthermore, it appears GM had an opportunity to subpoena Dr. Avrin as a witness but failed to do so.

Thus the WCAB reached the correct result for the wrong reason. The WCAB decided that the deposition was admissible against GM because GM had an opportunity to produce or depose its own medical experts but failed to do so. Consequently, even though facts can be found to support the board's decision on this issue, a remand is necessary so that the WCAB can consider this issue while applying the proper legal standard. See *Arnold v General Motors Corp,* 84 Mich App 713, 718; 270 NW2d 504 (1978).

GM next argues that the WCAB's findings and legal conclusions regarding apportionment are inadequate and erroneous. Specifically, GM argues that: (1) apportionment is only proper if similar employment conditions existed among multiple employments and that the evidence in this case failed to show any similarity between working conditions at GM and Chrysler; (2) the WCAB erred by failing to apply the 500-week limitation to GM's liability; and (3) even if apportionment is applicable, the WCAB erred in calculating GM's liability.

We disagree with GM's argument that apportionment was improper because the evidence showed that the conditions of plaintiff's employment with GM and Chrysler were dissimilar.

Before the Legislature revised MCL 418.435; MSA 17.237(435) in 1980, that statute provided that a prior employer could be joined as a defendant and liability apportioned to it if the prior employment was one "to the nature of which the disease was due and in which it was contracted". This Court has explained that apportionment under this provision is proper where it is shown that the plaintiff suffers from a work-related disease and "that the prior employment contributed to the disease". *Hughes v Lakey Foundry Corp,* 91 Mich App 170, 174; 284 NW2d 135 (1979), *lv den* 408 Mich 859 (1980); *Mundy v Detroit Grey Iron Foundry,* 57 Mich App 331, 335; 225 NW2d 754 (1975). It is not necessary that the work-related disease have been actually contracted by the plaintiff while he worked for the prior employer. *Mundy, supra,* p 335. In *Derwinski v Eureka Tire Co,* 407 Mich 469, 488; 286 NW2d 672 (1979), the Court stated that the apportionment provision was intended to "distribute equitably the liability for a

disease caused by similar employment conditions among the employers who were responsible for those conditions" and that the provision "should be interpreted with this purpose in mind".

We find that the WCAB applied the correct legal standards to the evidence on the record to find apportionment applicable in this case. A fair reading of the WCAB's opinion shows that the WCAB found that plaintiff's work for GM contributed to plaintiff's work-related disability. Furthermore, plaintiff's testimony that he was exposed to metallic, fabric, and other dust while employed for GM and Dr. Avrin's testimony support this finding. Finally, the atmospheric pollutants plaintiff was exposed to at both GM and Chrysler were sufficiently similar to uphold the WCAB's findings. See *Hughes, supra,* p 176.

We also find that the WCAB used the proper legal standard for calculating apportionment. In *Kingery v Ford Motor Co,* 116 Mich App 606, 619-622; 323 NW2d 318 (1982), this court noted that the apportionment provision expressly provides that liability be apportioned "among the several employers in proportion to the time that the employee was employed in the service of each employer". MCL 418.435; MSA 17.237(435). The *Kingery* Court concluded that "it is clear that the liability is to be apportioned strictly on a time basis". *Kingery,* p 622. Thus, the WCAB was correct to apportion liability between GM and Chrysler based upon the duration of plaintiff's employment with each defendant.

As to GM's 500-week limitation argument, we agree that the WCAB's decision does not adequately state the reasons or an appropriate legal standard for its finding that the provision did not apply. Therefore, we remand to the WCAB to

allow it to apply the correct legal standard to the evidence presented on this issue.

Prior to 1965, MCL 412.9; MSA 17.159 provided that "in no case shall the period covered by such compensation be greater than 500 weeks from the date of injury * * * except for permanent and total disability * * * when the compensation shall be paid for the duration of such permanent and total disability". A 1965 amendment, 1965 PA 44, effective September 1, 1965, eliminated this language and provided, "compensation shall be paid for the duration of the disability". This provision now appears as MCL 418.351; MSA 17.237(351).

The law which controls the compensation to be paid is that which is in effect at the time of the injury. *Tarnow v Railway Express Agency,* 331 Mich 558, 563; 50 NW2d 318 (1951). In this case, the hearing referee found that plaintiff's date of injury was April 27, 1973. However, in its finding that the 500-week rule did not apply to GM, the WCAB failed to expressly adopt that injury date or to apply the law as it existed on that date. Therefore, we remand to the WCAB for a determination of the date of injury and instructions to apply the law as it existed at that time.

Remanded to the WCAB for further findings consistent with this opinion.