TILMON v KAYE

OPINION OF THE COURT

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—WORK-
MEN'S COMPENSATION—REDUCED AWARD—STATUTES.

The statute which requires a reduction of the amount paid out of
the Motor Vehicle Accident Claims Fund for amounts paid by
an insurer applied where a plaintiff received workmen's com-
pensation benefits pursuant to his employment as a cabdriver,
and the fund was entitled to a reduction of the judgment
against it equal to the amount of those workmen's compensa-
tion benefits (MCLA 257.1122).

DISSENT BY O'HARA, J.

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—WORK-
MEN'S COMPENSATION—REDUCED AWARD—STATUTES.

*The Motor Vehicle Accident Claims Fund was not entitled by
statute to a reduction in the judgment against it by the amount
of workmen's compensation benefits received by the plaintiff
since such benefits are not payment resulting from the work-
man being insured, but rather are an entitlement which is part
of a broad remedial social legislation (MCLA 257.1122).*

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 January 9, 1973, at Detroit.
(Docket No. 14162.) Decided March 29, 1973.

Complaint by Isaiah Tilmon and Evelyn Tilmon
against Stanla Kaye, administratrix of the estate
of Matthew Moore, deceased, for damages result-
ing from an automobile accident. The Motor Vehi-
cle Accident Claims Fund defended the lawsuit.
Judgment for plaintiffs. The Motor Vehicle Acci-

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 499 *et seq.*

dent Claim Fund was ordered to pay the entire judgment with no deduction for workmen's compensation benefits received by plaintiff Isaiah Tilmon. The Motor Vehicle Accident Claims Fund appeals. Reversed and remanded with instructions.

*Blum, Graber, Meklir, Pianin & Rosenberg, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant.

Before: J. H. Gillis, P. J., and Bashara and O'Hara,* JJ.

J. H. Gillis, J. Plaintiff, Isaiah Tilmon, a cabdriver, was injured in an automobile accident involving another vehicle owned and operated by defendant's decedent, Matthew Moore.

Plaintiff sued defendant's decedent for bodily injuries. Plaintiff received workmen's compensation benefits pursuant to his employment as a cabdriver in the amount of $716.00. The Motor Vehicle Accident Claims Fund (hereinafter referred to as "fund") undertook to defend the lawsuit pursuant to MCLA 257.1108; MSA 9.2808.

The fund accepted a mediation award for plaintiff in the amount of $4,500, but contended unsuccessfully below that that award should be reduced by the amount plaintiff received as workmen's compensation benefits.

The issue before us is whether the language of MCLA 257.1122; MSA 9.2822, requires such a reduction. The statute provides, in part:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"No payment shall be made out of the fund in respect to a claim or judgment for damages or in respect to a judgment against the secretary, of any amount paid or payable by an insurer by reason of the existence of a policy of insurance or of any amount paid or payable by any other person by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits."

It used to be the law that a person covered by the Workmen's Compensation Act had no access to the fund. MCLA 257.1129; MSA 9.2829. *Bowser v Jacobs,* 36 Mich App 320 (1971), held that portion of the Motor Vehicle Accident Claims Act unconstitutional. In *Bowser* the Court reasoned that since other parties covered by other insurance had access to the fund, subject to the strictures of *Green v Blicharski,* 32 Mich App 15 (1971), the denial of access to those covered by the workmen's compensation laws was an unconstitutional discrimination.

However, just as it is constitutionally impermissible to *deny* injured employees access to the fund where others, even if insured, are not, so, too, would it be impermissible to *raise* injured employees covered by workmen's compensation to a status above those otherwise insured.

Where possible, courts should construe statutes in a manner as to render them constitutional rather than unconstitutional. *Bohn Lumber Products Co v Michigan Public Service Commission,* 317 Mich 174 (1947). To hold the fund responsible for the full amount of the mediation award without a reduction for workmen's compensation benefits received would do violence to the reasoning in *Bowser v Jacobs, supra.* We decline to reach that result. The language of MCLA 257.1122, *supra,* is easily adaptable to this situation. We hold the

statute applies and that the fund is entitled to a reduction of the judgment equal to the amount of the workmen's compensation benefit.

Reversed and remanded for action not inconsistent with this opinion. Costs to appellant.

BASHARA, J., concurred.

O'HARA, J. *(dissenting).* I dissent. Syllogistic logic can be treacherous. All of us who have dabbled in it realize this. There are those who claim the syllogism is logically indefensible because it is tautological, *i.e.,* the conclusion is contained in the premise and thus simply restated in the conclusion. Something akin to this has happened in the majority opinion. I have trouble with the statements:

"[I]t is constitutionally impermissible to deny injured employees access to the fund where others, even *if insured,* are not * * * . [Second emphasis supplied.]

*"[Ergo* it] would * * * be impermissible to *raise* injured employees covered by workmen's compensation to a status above those *otherwise* insured." (Emphasis supplied.)

Implicit in the foregoing reasoning is the proposition that receipt of workmen's compensation benefits results from the workman being insured. This simply is not so. Workmen's compensation benefits are no more payments "by reason of the existence of a policy * * * providing for the payment of * * * benefits" (to injured workmen)[1] than are payments under medicare despite the facts that they are paid under social security "insurance". See *Imvris v Michigan Millers Mutual Ins Co,* 39 Mich App 406 (1972).

---

[1] MCLA 257.1122(2); MSA 9.2822(2).

Like medicare benefits they are an entitlement which is part of broad remedial social legislation. It matters not a whit whether the employer is insured or not. It is for sure, as the current phrase has it, the workman is not insured. Receipt of workmen's compensation benefits is not related to any contract of insurance in the usual sense of the phrase. By analogy see *Imvris, supra.*

*Bowser v Jacobs*[2] cited by the majority does not seem to me to control.

I see no basis in statute or in logic which would permit the fund to reduce the judgment by the amount of workmen's compensation benefits awarded to plaintiff.

I would affirm and tax costs against appellant.

---

[2] *Bowser v Jacobs,* 36 Mich App 320 (1971).