CONSUMERS POWER COMPANY v PUBLIC SERVICE
COMMISSION

1. ADMINISTRATIVE LAW—REVIEW—STANDARDS—RECORD EVIDENCE—
   CONSTITUTIONAL LAW—STATUTES.

   The standard for review of an administrative agency ruling is
   whether the ruling is authorized by law and whether it is
   supported by competent, material and substantial evidence on
   the whole record (Const 1963, art 6, § 28, MCLA 24.306; MSA
   3.560[206]).

2. ADMINISTRATIVE LAW—REVIEW—FINDINGS OF FACT—RECORD EVI-
   DENCE—STATUTES.

   A final decision or order of an administrative agency must
   include findings of fact and conclusions of law; the necessity for
   a detailed finding of fact is intended to facilitate appellate
   review by providing a precise statement of what evidence, on
   the record, supports the agency's ruling (MCLA 24.285; MSA
   3.560[185]).

3. ADMINISTRATIVE LAW—REVIEW—RECORD EVIDENCE—REMAND.

   An opinion of the Public Service Commission which does not
   indicate in any detail what evidence the commission relied
   upon to support its decision should be remanded to the commis-
   sion for a supplemental opinion before the Court of Appeals
   can decide whether the commission's decision was supported by
   competent, material and substantial evidence on the whole
   record.

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted June 23, 1977, at Lansing. (Docket No.
30891.) Decided September 21, 1977.

Consumers Power Company applied to the Mich-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 549.
[3] 2 Am Jur 2d, Administrative Law §§ 518, 519.
   64 Am Jur 2d, Public Utilities §§ 273, 286.

igan Public Service Commission for an increase in rates and in the rate of return on common equity. The increase in the rate of return was denied. Consumers filed a complaint in the circuit court. The Attorney General, The Dow Chemical Company, and General Motors Corporation intervened as defendants. The circuit court upheld the commission's denial of an increase in the rate of return on common equity. Consumers appeals. Remanded for further proceedings.

*James B. Falahee, Lawrence B. Lindemer, Allen B. Bass, David A. Mikelonis,* and *Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis* and *Harvey J. Messing*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter V. Kron* and *Arthur E. D'Hondt,* Assistants Attorney General, for the Michigan Public Service Commission.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

H. D. STAIR, J. Plaintiff Consumers Power Company brings the present appeal from a decision of the defendant commission denying plaintiff an increase in its rate of return on common equity.

On November 27, 1974, plaintiff filed an application with the commission requesting several changes in its financial status, including a gas rate increase and an increase in the rate of return on common equity. At a hearing before an administrative law judge, numerous witnesses testified concerning these issues. The two expert witnesses on the rate of return issue recommended that the then current rate of 12.12% be raised. Plaintiff's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

expert, Dr. Charles Phillips, Jr., recommended a rate of return within the range of 15% to 16%. The commission's staff expert, Paul Carlson, recommended a rate within a range of 12.34% to 13.50%.

The hearing judge found that a reasonable return on the common stock would be in the range of 13% to 14%, and recommended a change in the rate to 13.50%. On appeal to the full commission, the hearing judge's proposal was rejected in favor of leaving the current rate of 12.12% unchanged.

Pursuant to MCLA 462.26; MSA 22.45, plaintiff appealed the commission's finding on the rate of return issue to the Ingham County Circuit Court. On September 15, 1976, the court filed an opinion upholding the commission's ruling maintaining the rate at its existing ratio. Plaintiff has now appealed the decision to this Court.

The first issue raised concerns the sufficiency of the commission's finding. Plaintiff argues that the decision to leave the rate unchanged was unsupported by the evidence, particularly since the testimony of the expert witnesses, including the commission's staff expert, supported a rate between a low of 12.34% and a high of 16%. Plaintiff concedes that the commission was free to reject all of the expert testimony offered, but contends that the holding in fact made, at a rate beneath the recommended range, was not supported by any independent evidence.

The standard for review of an administrative agency ruling is set forth both in the Michigan Constitution and in the Administrative Procedures Act of 1969, 1969 PA 306:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the con-

stitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." Const 1963, art 6, § 28.

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

* * *

"(d) Not supported by competent, material and substantial evidence on the whole record." MCLA 24.306; MSA 3.560(206).

This standard is applicable to a ruling of the Public Service Commission. See *Michigan Consolidated Gas Co v Public Service Commission,* 389 Mich 624, 639; 209 NW2d 210 (1973).

Plaintiff cites numerous cases from other jurisdictions where decisions of an administrative agency setting rates at a level below the range recommended by expert witnesses have been either reversed or upheld based upon the existence of independent evidence supporting the lower figure. We find ourselves precluded, however, from engaging in this type of analysis by a more basic problem with the commission's ruling.

Section 85 of the Administrative Procedures Act of 1969 reads as follows:

"A final decision or order of an agency in a contested

case shall be made, within a reasonable period, in writing or stated in the record and *shall include findings of fact* and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. *Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them.* If a party submits proposed findings of fact which would control the decision or order, the decision or order shall include a ruling upon each proposed finding. *Each conclusion of law shall be supported by authority or reasoned opinion.* A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material and substantial evidence. A copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record." (Emphasis added.) MCLA 24.285; MSA 3.560(185).

The necessity for a detailed finding of fact, as outlined in § 85, is intended to facilitate appellate review by providing a precise statement of what evidence, on the record, supports the agency's ruling. See *Viculin v Dept of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971), *Lamb v John's Tavern,* 37 Mich App 678; 195 NW2d 278 (1972).

Our reading of the commission's holding on the rate of return issue reveals merely conclusional statements in regard to the rejection of the expert testimony and plaintiff's request for an increase in the rate. While there may well be some independent record evidence supporting the decision to retain the existing rate, the opinion does not indicate that evidence in any detail. Before this Court can decide if the commission's ruling was supported by "competent, material and substantial evidence on the whole record", we must be informed of the nature of that evidence. Lacking a

sufficient finding of fact, we are obligated to remand this matter to the commission for a supplemental opinion.

Plaintiff's second issue on appeal needs to be discussed in relation to the remand. In support of its decision, the commission took judicial notice of several developments regarding plaintiff's financial condition at the time of the decision. The standard for the agency's ruling, as previously stated, is that it be supported by evidence "on the whole record". On remand the commission should not consider evidence or take notice of factors that were not properly introduced and made part of the record at the original hearing.

Remanded for proceedings consistent with this opinion. We retain jurisdiction. No costs at this time.