GREAT LAKES STEEL DIVISION OF NATIONAL STEEL
CORPORATION v PUBLIC SERVICE COMMISSION

Docket No. 78-5424. Submitted November 14, 1979, at Lansing.—
Decided January 9, 1980. Leave to appeal applied for.

Great Lakes Steel Division of National Steel Corporation, General
Motors Corporation, and the Michigan Energy Users Group are
industrial energy customers of The Detroit Edison Company.
The Michigan Public Service Commission granted Edison an
interim revenue increase of $35 million to protect the public
utility from unreasonable and irreparable losses which would
be sustained if Edison had to await disposition of its request of
$122.3 million as a permanent increase. In its opinion the
commission declined to consider alterations in the rate struc-
ture to favor one group of consumers over others and concluded
simply without explanation that a uniform surcharge of .96
mills per kwh was appropriate for all classes affected in view of
the revenue deficiency. At the time of the commission's interim
order industrial users paid lower rates than residential custom-
ers. A flat surcharge of .96 mills meant that industrial users
would be paying a greater proportion of the rate increase than
if the surcharge were on a percentage increase of previous
rates. The industrial customers attacked the commission's
method of surcharge as lacking support in the record, a re-
quirement of the Administrative Procedures Act (APA). The
commission believed that the rate design was discretionary,
that the APA was not applicable to orders for partial and
immediate relief and did not require specific findings and
conclusions, that the surcharge was equitable and that the rate
was based on substantial and material evidence in the record.
Great Lakes, General Motors and Michigan Energy brought an
action in Ingham Circuit Court seeking judicial review of the
commission's order. Detroit Edison intervened in this action.
Jack W. Warren, J., affirmed the commission in a summary
judgment and ruled further that the APA did not apply to

References for Points in Headnotes
[1, 4] 64 Am Jur 2d, Public Utilities §§ 135, 273.
[2] 64 Am Jur 2d, Public Utilities § 240.
f3] 64 Am Jur 2d, Public Utilities § 240.

orders for partial and immediate relief because such orders were not final. Plaintiffs appeal. *Held:*

The Administrative Procedures Act requires the public service commission to make findings of fact and conclusions of law when it issues a final decision or order concerning a public utility rate increase. A commission order for interim relief through a partial and immediate rate increase is final because it limits a utility's revenue until a new and permanent rate structure is approved; therefore, a public service commission order for partial and immediate relief under the provisions of the statute providing for interim rate increases must conform to the findings of fact and conclusions of law requirements outlined for final decisions and orders of the APA. Neither the commission nor the circuit court applied the requirements of the APA in arriving at their conclusions. The case is remanded for compliance with the statute.

Reversed and remanded with instructions.

1. PUBLIC SERVICE COMMISSIONS — UTILITIES — RATES — CONTESTED CASES — PARTIAL INCREASES — FINAL ORDERS — STATUTES.

A statute provides that a final decision or order of the Michigan Public Service Commission in a contested case shall be made within a reasonable period and shall include findings of fact and conclusions of law; a public utility's request for relief in the form of a partial and immediate increase is a contested case and the statute applies where an order for interim relief can be characterized as final (MCL 24.285; MSA 3.560[185]).

2. PUBLIC SERVICE COMMISSIONS — UTILITIES — RATES — DISCRETION — STATUTES.

The Michigan Public Service Commission may, in its discretion, make a finding and enter an order granting a utility partial and immediate relief in the form of a rate increase (MCL 460.6a; MSA 22.13[6a]).

3. PUBLIC SERVICE COMMISSIONS — RATES — RETROACTIVE RATES.

The Michigan Public Service Commission may not establish retroactive rates thereby correcting any injustice caused by a delay in establishing necessary increased rates.

4. PUBLIC SERVICE COMMISSIONS — UTILITIES — INTERIM RATE INCREASES — FINAL DECISIONS AND ORDERS — STATUTES.

A Michigan Public Service Commission order for interim relief through a rate increase can be considered final under the Administrative Procedures Act because it limits a utility's revenue until a new permanent rate structure is approved;

therefore, all Public Service Commission orders for partial and immediate relief under the provisions of the statute for interim rate increases must conform to the findings of fact and conclusions of law requirements outlined for final decisions and orders under the Administrative Procedures Act (MCL 24.285, 460.6a; MSA 3.560[185], 22.13[6a]).

*Hill, Lewis, Adams, Goodrich & Tait* (by *Robert A. W. Strong)*, for Great Lakes Steel Division.

*John M. Veale,* for General Motors Corporation.

*Albert J. Thorburn,* for Michigan Energy Users Group.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur E. D'Hondt* and *Marvin L. Bromley,* Assistant Attorneys General, for Michigan Public Service Commission.

*Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Francis E. Bentley)*, for Detroit Edison Company.

Before: T. M. BURNS, P.J., and CYNAR and A. M. BACH,* JJ.

A. M. BACH, J. Plaintiffs, industrial energy customers, appeal from a decision of defendant Michigan Public Service Commission granting intervening defendant, The Detroit Edison Company, an interim rate increase in the form of a surcharge on electricity rates.

On July 20, 1977, Edison filed an application with the commission for a permanent rate increase of $122.3 million and for a partial and immediate revenue increase of $69.9 million, as

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

provided by MCL 460.6a; MSA 22.13(6a). After conducting extensive hearings, the commission on February 17, 1978, allowed an interim revenue increase of $35 million. This interim rate hike, the commission found, would protect Edison from unreasonable and irreparable losses which would be sustained if Edison had to await disposition of its requests for a permanent increase.

In this initial opinion, the commission declined to consider alterations in the rate structure to favor one group of consumers over others. The commission refused the motion of intervenor Michigan Council of Senior Citizens' Organizations to exempt from any surcharge the first 500 kwh per month for residential customers. At the end of the opinion on rate design, the commission concluded simply and without explanation:

"A uniform surcharge of .96 mills per kwh is appropriate for all classes affected, based on the revenue deficiency found herein."

On March 8, 1978, plaintiffs as industrial users filed an application for rehearing and attacked the commission's method of applying the rate surcharge. Under the rate structure in effect at the time of the interim order, plaintiffs paid lower rates than did residential customers. Therefore, a flat surcharge of .96 mills per kwh meant that plaintiffs would be assuming a greater proportion of the rate increase than if the surcharge were a percentage increase of previous rates. Plaintiffs attacked the commission's method of surcharge as lacking support in the record, a requirement of § 85 of the Administrative Procedures Act (APA). MCL 24.285; MSA 3.560(185).

In response to plaintiffs' application, the commission on April 10, 1978, denied rehearing. Al-

though the commission's staff had recommended that interim rate increases be spread on a percentage basis to each class of customers, the commission felt that rate design, especially for interim purposes, was a matter within its sole discretion, and that a surcharge per kwh was as equitable as any other interim design. The commission held that § 85 of the APA was not applicable to orders for partial and immediate relief and did not require specific findings and conclusions. But, in any event, the commission felt that the rate surcharge was based on substantial and material evidence in the record.

On December 13, 1978, the Ingham County Circuit Court affirmed the commission and ruled specifically that § 85 of the APA did not apply to orders for partial and immediate relief because such orders were not "final". During the pendency of the circuit court action, the commission issued on Edison's request a final order for a permanent rate increase.

Plaintiffs contend on appeal that § 85 of the APA does apply to interim rate increases and that the commission's opinion in the present case does not conform to § 85 requirements. We agree.[1]

Section 85 of the APA provides in part:

"A *final decision or order* of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts support-

[1] In at least one prior decision of this Court the applicability of § 85 to interim rate increases was assumed but never stated. *Attorney General v Public Service Comm,* 63 Mich App 69, 76; 234 NW2d 407 (1975).

ing them. If a party submits proposed findings of fact which would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material and substantial evidence." MCL 24.285; MSA 3.560(185). (Emphasis supplied.)

Without question, a request for partial and immediate relief is a contested case. The applicability of § 85 therefore depends only on the characterization of an order for interim relief as "final".

The statute authorizing an interim rate increase provides:

"[T]he commission * * * may in its discretion and upon written motion by such utility make a finding and enter an order granting *partial* and *immediate* relief, after first having given notice to the interested parties within the service area to be affected in the manner ordered by the commission, * * *." MCL 460.6a; MSA 22.13(6a). (Emphasis supplied.)

The importance of such interim relief for utilities stems from the inability of the commission to award retroactive rate increases in a request for a permanent rate hike. The commission may not set a future rate to permit Edison to recover for a loss suffered in the past, as during the pendency of the permanent increase request. *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973), *General Telephone Company of Michigan v Public Service Comm,* 341 Mich 620; 67 NW2d 882 (1954), *Michigan Bell Telephone Co v Public Service Comm,* 315 Mich 533; 24 NW2d 200 (1946). In one sense, therefore,

an order for interim relief is final because it limits the applicant's revenue until a new permanent rate structure is approved.

In *Attorney General v Public Service Comm,* 392 Mich 660; 221 NW2d 299 (1974), this principle of finality was at least recognized when the Court ruled that a plaintiff requesting an interim rate increase may appeal as a matter of right to the Court of Appeals from a circuit court judgment under MCL 462.26; MSA 22.45. Compliance with § 85 of the APA by the commission will facilitate judicial review by insuring that the orders for interim rate increases are supported in fully reasoned opinions by evidence presented to, or principles considered and notified by, the commission.

The fact that in a permanent order the commission may at a later time adjust an interim rate and order the utility to make a refund does not suggest a contrary result. As explained in *Michigan Bell Telephone Co v Public Service Comm,* 85 Mich App 163, 166; 270 NW2d 546 (1978), if new rate determinations were to render moot contested issues in prior appeals, the entire review scheme would be rendered a nullity. The commission usually issues permanent rate orders prior to the conclusion of judicial review of the interim rate.[2] For the sake of consistency, an interim order should not be final as against a utility which may not secure retroactive rates at a later date and not final for another aggrieved party which seeks relief. That haphazard application of § 85 would only confuse the commission's operations. Section 85 of the APA must apply to all orders for partial and

[2] An added consideration is that the doctrine of mootness does not control where issues of continuing public interest, and open to repetition, may never be subject to review. See *Southern Pacific Terminal Co v Interstate Commerce Comm,* 219 US 498; 31 S Ct 279; 55 L Ed 310 (1911).

immediate relief under MCL 460.6a; MSA 22.13(6a).

Review of the record in the present case indicates that neither the commission nor the circuit court applied the requirements of § 85 in arriving at their conclusions. The cause must therefore be remanded for compliance with the APA.

On remand, the commission may, if necessary, hear further arguments on the question of the method of allocating the surcharge among different classes of users. Any conclusion must be supported by reasoned opinion. The commission need not, in making a determination on a request for partial and immediate relief, have before it the type of plenary, expert analysis which the staff prepares on an application for a permanent rate increase. That construction of § 85 would thoroughly undermine the commission's authority under MCL 460.6a; MSA 22.13(6a) to act without delay in order to prevent irreparable harm to the utility. See *Attorney General v Public Service Comm,* 63 Mich App 69, 77; 234 NW2d 407 (1975). In deciding how to allocate the surcharge among classes of customers, the commission may notice and consider facts drawn from its expertise and from general knowledge, as well as evidence presented by the parties. *Cf. St Paul Area Chamber of Commerce v Minnesota Public Service Comm,* 251 NW2d 350, 355 (Minn, 1977).

In arriving at our conclusions on the applicability of § 85 of the APA, we decline to express an opinion on the merits of the surcharge of .96 mills per kwh. After reconsideration of the surcharge question, the commission is free to arrive at the same result as before, provided the opinion complies with § 85.

If plaintiffs are aggrieved by the commission's

new order, they may sue in Ingham County Circuit Court on the grounds that the rate is unlawful or unreasonable, or is not supported by competent, material, and substantial evidence on the whole record. MCL 462.26; MSA 22.45, Const 1963, art 6, § 28.

The circuit court order of December 13, 1978, in this cause is reversed and the matter is remanded to the Public Service Commission for proceedings consistent with this opinion. No costs, a public question.