## NUNN v GEORGE A CANTRICK COMPANY, INC

Docket No. 56743. Submitted October 21, 1981, at Detroit.—Decided February 18, 1982.

Velma Nunn, an employee of George A. Cantrick Company, Inc., was denied workers' compensation benefits by a hearing referee on the basis that she had failed to sustain her burden of proof with regard to her entitlement to such benefits. The Workers' Compensation Appeal Board reversed, finding that Nunn had a work-related partial disability, and granted her continuing benefits. George ·A. Cantrick Company, Inc., and its workers' compensation insurance carrier, American Mutual Liability Insurance Company, appeal the board's decision by leave granted, arguing that the opinion of the WCAB was too brief to allow for appellate review of the reasoning of the board and that the statute which authorizes abbreviated decisions of the WCAB violates the constitutional provision for separation of powers between the judiciary and the executive branch and the provision for judicial review of all final decisions, findings, rulings and orders of any administrative office or agency. *Held:*

1. The WCAB is obligated to provide parties and reviewing courts with sufficiently detailed findings of fact and conclusions of law so as to enable a determination that (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships have been determined with due regard for applicable law and have evidentiary support and (4) in all other respects proper legal standards have been applied to the evidence before the board. The board must write a sufficiently compendious, if not formal, decision which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate review in the event of an appeal.

2. The WCAB's opinion in this case, albeit brief, provides a

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 558.
[2, 3] 82 Am Jur 2d, Workmen's Compensation §§ 554, 563.

sufficiently detailed basis for the Court of Appeals to effectively perform its appellate function.

3. The decision of the WCAB had a sound basis in law and fact. No judicially cognizable error of law was committed.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT — CONCLUSIONS OF LAW — WRITTEN OPINIONS.

The Workers' Compensation Appeal Board is required by statute to render findings of fact and conclusions of law in writing; the issuance of a written opinion, however, is left to the discretion of the board (MCL 418.859; MSA 17.237[859]).

2. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT — CONCLUSIONS OF LAW.

The Workers' Compensation Appeal Board is obligated to provide parties and reviewing courts with sufficiently detailed findings of fact and conclusions of law so as to enable a determination that (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships have been determined with due regard for applicable law and have evidentiary support, and (4) in all other respects proper legal standards have been applied to the evidence before the board.

3. WORKERS' COMPENSATION — APPEAL — WRITTEN DECISIONS.

The Workers' Compensation Appeal Board must write a sufficiently compendious, if not formal, decision which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate reivew in the event of an appeal.

*Pianin, Graber & Paull, P.C.* (by *Michael Sugar),* for petitioner.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for respondents.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

M. F. CAVANAGH, J. By leave granted, defendants appeal from an order of the Workers' Com-

* Circuit judge, sitting on the Court of Appeals by assignment.

pensation Appeal Board (WCAB) finding plaintiff to be partially disabled and directing payment of weekly benefits to her.

Plaintiff was employed by defendant George A. Cantrick Company from 1973 until 1976. She worked as a stock roller and cutter (a position which required that she pull materials through rollers and, while holding the material taut, that she cut the material and then pile it in stacks) until the summer of 1975, when she began experiencing difficulty with this job. After complaining to supervisors, she was sent to the Detroit Industrial Clinic and given X-rays, therapy and medicine. She was off the job 13 days, after which time she returned and continued to experience pain and difficulty performing her duties. From this time on, plaintiff experienced a series of periods in which she would be off work and undergoing treatments at different medical institutions. Upon her return to the job (even when assigned to do light work rather than her original job) she would experience pain and difficulty.

A hearing referee conducted hearings on the issue of plaintiff's work-related disability. The referee's decision stated *in toto* that a hearing was held and:

"It is further found that plaintiff has failed to sustain her burden of proof with regard to her entitlement to benefits under the Worker's Disability Compensation Act."

Plaintiff filed a claim for review with the WCAB. That board issued a unanimous decision reversing the hearing referee, finding a work-related partial disability and granting plaintiff continuing benefits. The WCAB's decision states *in toto:*

"Plaintiff gave unrebutted testimony to the onset of upper extremity problems as a result of strenuous work involving her arms. Plaintiff's job description was substantially corroborated by defendant's superintendent with the exception that he did not perceive the work to be as strenuous as did plaintiff. On July 1, 1975, plaintiff was taken by defendant to Detroit Industrial Clinic. Thereafter followed several periods of treatment while off work and unsuccessful attempts by plaintiff to return to work. Defendant subsequently refused to provide further treatment and thereafter plaintiff initiated continuing treatment on her own behalf. Plaintiff has not worked at defendants' since July 1976. Plaintiff testified that she was not 'paralyzed', that she could perform, and had sought light work but that she was unable to constantly use her arms as was required on her job with defendant.

"Expert medical testimony was submitted via deposition by Dr. Howard B. Schwartz & Dr. James J. Horvath; this testimony was diametrically opposed. We accept Dr. Schwartz's diagnosis of inflammation of the left elbow, strain of the left shoulder, and cervical spine strain due to muscle spasms resulting from work as being based on a more thorough examination and more consistent with the entire record. We also find plaintiff's testimony and conduct of continuing treatment, including submission to a myelogram, as credible and a sufficient basis to support the award. *Sanford v Ryerson & Haynes, Inc,* 396 Mich 631 [242 NW2d 393] (1976), and *Kostamo v Marquette Iron Mining Co,* 405 Mich 105 [274 NW2d 411] (1979).

"We therefore find that plaintiff has sustained her burden of proof to establish a continuing partial disability as a result of the July 1, 1975 work injury."

Defendants argue that the opinion of the WCAB was too brief to allow for appellate review of the reasoning of the board. Defendants contend that MCL 418.859; MSA 17.237(859), which authorizes abbreviated decisions of the WCAB, violates Const 1963, art 3, § 2, which provides for the separation

of powers between the judiciary and the executive branch, and Const 1963, art 6, § 28, which provides for judicial review of all final decisions, findings, rulings and orders of any administrative office or agency. Defendant contends that MCL 418.859; MSA 17.237(859) violates these constitutional provisions by allowing the WCAB to issue decisions which set out merely conclusive findings and thereby preclude effective judicial review.

MCL 418.859; MSA 17.237(859), as amended by 1980 PA 357, provides:

"If a claim for review is filed, .the board shall promptly review the order, together with the records of the hearing. The board may hear the parties, together with such additional evidence as it in its discretion may allow them to submit and shall file its order with the records of the proceedings. *It shall be the duty of the board to announce in writing its findings of fact and conclusions of law. The issuance of written opinions giving reasons therefor shall be at the discretion of the board and individual members thereof* * * *." (Emphasis added.)

The people of this state, in their charter of government, have provided both general and specific grants of power to the legislative branch, subject to the gubernatorial veto power, to create administrative agencies and tribunals within those agencies to address the manifold problems of modern society. In addition, that same charter subjects the actions of those agencies and tribunals to judicial review, without exception. Const 1963, art 6, § 28. The requirement in workers' compensation cases that the WCAB facilitate judicial review by means of a written decision which reveals "the path the board has taken through the conflicting evidence, * * * the testimony adopted, the standard followed and the reasoning it used in reach-

ing its conclusion" was, when first enunciated by this Court in *McClary v Wagoner,* 16 Mich App 326, 327-328; 167 NW2d 800 (1969), quoted with approval *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 101; 214 NW2d 794 (1974), specifically correlated to the constitutional provision for judicial review of administrative action. Therefore, legislation which purports to relax those requirements implicates constitutional considerations, which this Court must address. Const 1963, art 3, § 2; art 6, § 1.

Fundamentally, we begin our analysis with the assumption that the Legislature did not intend to pass an unconstitutional enactment, *Automotive Service Councils of Mich v Secretary of State,* 82 Mich App 574; 267 NW2d 698 (1978), *lv den* 403 Mich 810 (1978), *app dis* 439 US 973; 99 S Ct 554; 58 L Ed 2d 645 (1978), and cognizant of our duty to construe the statute, here § 859 of the act as amended, so as to avoid constitutional difficulties and in a manner which comports with an ultimate finding of constitutionality. *Schwartz v Secretary of State,* 393 Mich 42; 222 NW2d 517 (1974), *Tilmon v Kaye,* 46 Mich App 63; 207 NW2d 467 (1973).

With the foregoing principles to guide us, we note that § 859 is functionally equivalent to legislative pronouncements in related areas. Thus, § 85 of the Administrative Procedures Act of 1969, 1969 PA 306; MCL 24.285; MSA 3.560(185), provides:

"A final decision or order of an agency in a contested case shall be made, within a reasonable period [of time], in writing or stated in the record and shall include findings of fact and conclusions of law * * *. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. * * * Each conclu-

sion of law shall be supported by authority or reasoned opinion."

This requirement has been held applicable to a variety of agencies, including some not generally subject to the APA: *Northwood Apartments v Royal Oak,* 98 Mich App 721; 296 NW2d 639 (1980) (tax tribunal), *Great Lakes Steel Division of National Steel Corp v Public Service Comm,* 94 Mich App 694; 290 NW2d 54 (1980) (interim rate increases granted by Public Service Commission), *Consumers Power Co v Public Service Comm,* 78 Mich App 581; 261 NW2d 10 (1977) (PSC rate return decisions), *Luther v Board of Education of Alpena Public Schools,* 62 Mich App 32; 233 NW2d 173 (1975) (Teacher Tenure Commission), *Lawrence v Dep't of Corrections,* 88 Mich App 167; 276 NW2d 554 (1979), *lv den* 407 Mich 909 (1979) (prison disciplinary hearings).

Indeed, without a governing court rule, statute, or constitutional provision, even this Court has been held subject to such duties. So holding, the Supreme Court explained the important and manifold ends subserved by the opinion requirement in *Mich Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 387 Mich 424, 429; 196 NW2d 763 (1972):

"The need for such an opinion is apparent, for as said in one of the earlier Supreme Court cases *(Virginian R Co v United States,* 272 US 658, 675; 47 S Ct 222; 71 L Ed 463, 472 [1926]):
" 'The failure to accompany the decree by an opinion may thus deprive litigants of the means of exercising a sound judgment on the propriety of an appeal. And the appellate court, being without knowledge of the grounds of the decision below, is denied an important aid in the consideration of the case, and will ordinarily be subjected to much unnecessary labor.' "

The Michigan Constitution goes so far as to impose an equivalent obligation on the justices of the Supreme Court, both individually and collectively. Const 1963, art 6, § 6. By its nature, constitutional government cannot tolerate arbitrary or capricious official acts or decisions, and once government by *fiat* or *ukase* is philosophically rejected, the necessity of reasoned explication of the motives, purposes, and facts behind governmental adjudicatory action logically flows as a concomitant of the republican form of government guaranteed by the United States Constitution. US Const, art IV, § 4.

In the case at bar, the challenged statute explicitly demands the rendition of findings of fact and conclusions of law in writing, leaving to the board the option of issuing a written opinion or not. Assuming, as we must to effectuate the legislative intent, more than a semantic difference between a "written opinion giving reasons" for the decision rendered and written "findings of fact accompanied by a concise and explicit statement of the underlying facts supporting them" and conclusions of law "supported by authority or reasoned opinion", we construe the statute as perpetuating the obligation of the board to provide the parties and reviewing courts with sufficiently detailed findings of fact and conclusions of law so as to enable a determination that (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships, see *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 475-476; 232 NW2d 146 (1975), have been determined with due regard for applicable law and have evidentiary support, and (4) in all other respects proper legal standards have been

applied to the evidence before the board. In sum and substance, the board must write a sufficiently "compendious if not formal" decision, *Mich Employment Relations Comm v Detroit Symphony Orchestra, Inc, supra,* which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate review in the event of an appeal. More is gratuitous; less cannot be tolerated. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978).

Reviewing the board's opinion in the present case by this standard, we believe that the WCAB's decision, albeit brief, provides a sufficiently detailed basis for this Court to effectively perform its appellate function. It is therefore adequate under *Aquilina, supra,* and Const 1963, art 6, § 28.

While succinct, the opinion contains a reasonably complete synopsis of the hearing and deposition testimony adduced, allowing this Court to verify that there is competent evidence in the record to act as foundation for the board's findings. The opinion also reveals the legal standard applied, namely, that the testimony of a claimant, when deemed credible by the WCAB as trier of fact, is alone sufficient to warrant a finding of disability and determination of employment relationship although at odds with other testimony, whether lay or expert, as indicated by the board's correct and appropriate citation of *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630; 242 NW2d 393 (1976). The decision below having a sound basis in law and fact, and absent any indication of legally invalid principles or reasoning being applied or invoked, *cf. Arnold v General Motors Corp,* 84 Mich App 713; 270 NW2d 504 (1978), we are satisfied that no judicially cognizable error of law

or fact was committed in this case and rule accordingly.

The decision of the Workers' Compensation Appeal Board is affirmed.