IMVRIS *v* MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY

1. INSURANCE—MEDICARE—SOCIAL WELFARE.

Medicare is a social welfare insurance program, not a medical insurance or reimbursement plan where each party's rights are determined by an insurance contract and the insured's premium payments.

2. INSURANCE—MEDICAL EXCLUSIONS—MEDICARE.

Medicare payments to a plaintiff were not within the exclusions to medical expenses coverage in his insurance policy when the exclusions covered amounts paid as medical, surgical, hospital, or funeral service benefits or reimbursements or as disability, accident, or hospitalization insurance, because Medicare is a social welfare program, not a medical insurance plan.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 February 8, 1972, at Detroit. (Docket No. 11599.) Decided March 24, 1972.

Complaint in Common Pleas Court by Peter H. Imvris against Michigan Millers Mutual Insurance Company for payment of medical expenses under an insurance policy. Judgment for defendant. Plain-

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 1 *et seq.*

tiff appealed to circuit court. Reversed. Defendant appeals by leave granted. Affirmed.

*Lipton, Papista & Garfinkle, P. C.,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Stanley A. Prokop*), for defendant.

. Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. This is an appeal taken by leave granted from an order of the circuit court which reversed a holding of the common pleas court. The circuit court's order remanded the matter to the common pleas court with directions to enter a verdict for plaintiff in the amount of $2000.

The trial court furnished us with a carefully considered opinion. We have examined the legal issues involved (and there are only legal issues). We conclude that there is little, if anything, we could add to his opinion. We set it forth *in toto.*

"This matter is before the court upon an appeal from the Common Pleas Court. The facts are not in dispute.

"On or about July 10, 1969, the plaintiff was injured when struck by a motor vehicle while a pedestrian. As a proximate result of these injuries, the plaintiff was hospitalized and incurred hospital expenses in excess of $2,000.

"At the time of the plaintiff's injury, there was in existence a policy of insurance issued by defendant to plaintiff which policy contained medical payments provisions as set forth below.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"All of the plaintiff's medical expenses in the accident were paid by the United States Government pursuant to the Medicare provisions of the Social Security Act. It is stipulated by the parties that they were incurred for necessary hospitalization.

"The maximum amount of recovery under the policy is $2,000, and the sole issue for determination by the court is whether, pursuant to the terms of the policy of insurance, medical expenses paid under the Medicare provisions of the Social Security Act are 'excluded expenses under the policy.'

"The exclusion section of the policy provides as follows:

" 'This policy does not apply * * *

" 'Under medical expense coverage to that amount of:

" '1. Any medical expense which is paid or payable to or on behalf of the injured person under the provisions of any * * *

" '2. individual, blanket or group accident, disability or hospitalization insurance,

" '3. medical, surgical, hospital or funeral service benefit or reimbursement plan * * * .' "

"The trial court held that under the terms of the exclusion, plaintiff was not entitled to recover from the insurance company. The matter is here on appeal.

"The basic issue is whether medical expenses paid by the Social Security Administration under Medicare falls within the medical expenses coverage exclusions contained in the policy, and this, of course, must be determined by whether medical care payments are 'accident, disability or hospitalization insurance' or 'medical, surgical, hospital or funeral service benefits or reimbursement' within the ordinary meaning of these terms as they are contained in the policy in question.

"It is established law that a policy of insurance, written in language chosen by the insurer, must be given a construction most favorable to the insured.

An exception arises only when there is no ambiguity in the contract. Defendant contends that there is no ambiguity in this contract, and that the clear meaning of the policy language excludes any payment. It claims that Medicare payments are clearly 'accident, disability or hospitalization insurance' within the ordinary meaning of these terms.

"Defendant cites many authorities and relies upon the general definition of insurance as contained in Webster's International Dictionary, Second Edition, where insurance is defined as:

" 'An act of insuring against loss or damage by a contingent event; one party undertakes to indemnify or guarantee another against loss by certain specified contingency or peril, called a risk.'

"The basic question is whether social insurance such as Medicare can be accurately described as insurance within the general definition of the term. If there is any ambiguity as to whether it is insurance, then that ambiguity must be resolved against the defendant. If there is no ambiguity, as to whether Medicare payments are insurance, then the defendant must prevail.

"It is true that there are aspects of the Medicare program which are similar to an insurance reimbursement plan. But the basic fact is that Medicare is a social welfare program and not an insurance or reimbursement plan within the everyday and ordinary meaning of these terms. Medicare was added to the existing social security laws in 1965 and as yet there have been few, if any, judicial decisions defining its scope. However, in view of the fact that Medicare is part of the more comprehensive Social Security Act, help can be obtained by looking at the classification of that act.

"In *Flemming* v *Nestor,* 363 US 603 [80 S Ct 1367, 1372; 4 L Ed 2d 1435, 1443–1444] (1960), the United States Supreme Court stated that the social security system may be accurately described as a form of social insurance enacted pursuant to Congress' pow-

er to spend money in the aid of the general welfare. In discussing the act, the Court said (p 610):

" ' * * * It is apparent that the noncontractual interest of an employee covered by the act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.'

"The Court further pointed out that Congress had expressly reserved the right to alter, amend or repeal any provision of the Social Security Act, and concluded that one covered by social security does not have a right to benefit payments that would make every defeasance of an accrued interest violative of the due process clause of the Fifth Amendment.

"Defendant seeks to distinguish *Flemming,* claiming that it discussed rights existing under a contract, and that the subject of this action does not use language such as contract. It further contends that the intention of the Congress in enacting the Medicare Act (Title 42, USCA, subsection 1391) in 1965, indicates that it is action to provide a hospital insurance program for the aged under the Social Security Act.

"The Court does not agree with defendant, and feels that *Flemming* v *Nestor* is dispositive of the issue. Medicare is clearly social insurance enacted by the Congress to aid the general welfare but Medicare cannot be analogized to any type of medical insurance program or medical reimbursement plan, where each party's rights are determined by a contract of insurance and premium payments of the insured.

"Clearly the language of the contract providing for exclusions for accident disability and hospitalization insurance did not contemplate Medicare payments. Medicare is social welfare legislation passed by the Congress to aid the general health and welfare of those over 65 years of age. Although classified as social insurance, it is clearly not an insurance

program within the ordinary meaning of the term insurance and within the meaning of the exclusions contained within the policy in question.

"Both parties concede that if there is an ambiguity in the policy language and a question as to its construction, that ambiguity must be resolved against the insurer. Clearly, in this case, there is such an ambiguity and equally clearly, Medicare is not insurance within the general meaning of the term, insofar as the exclusions of the policy in question are concerned.

"For these reasons the decision of the Common Pleas Court is reversed and the case is remanded to that Court for the entry of a judgment in favor of plaintiff against defendant in the amount of $2,000. Appellant may tax costs."

Specifically, we adopt the following language of the trial judge as dispositive of the issue on appeal:

"Although classified as social insurance, it [Medicare payments] is clearly not an insurance program within the ordinary meaning of the term insurance and within the meaning of the exclusions contained within the policy in question."

Perforce we affirm. Plaintiff may tax costs.
All concurred.