HENDRY, Judge.
This is an appeal from a final judgment entered by the circuit court in a declaratory judgment action brought by the insurer against its insured. Appellee-insurer, Allstate Insurance Company, had filed the action following the entry of an uninsured motorist arbitration award for the insured by an accident claims tribunal under the auspices of the American Arbitration Association. The complaint alleged, inter alia, that the arbitrators’ award was improper in that it appeared to duplicate benefits previously received by the insured from personal injury protection benefits, medical payments benefits and Medicare, and that, therefore, the insured was entitled to have a portion of the arbitration award relating to the medical expenses vacated; that the insurer was in doubt as to its rights under the insurance policy and Section 627.727, Florida Statutes, regarding the question of duplication of benefits and sought a declaration that it was not liable to Mr. Atkins for any sum in excess of a stated amount. Appellant/defendant answered and counterclaimed, admitting that the insurer had paid personal injury protection benefits and medical payments benefits, and claiming that the original arbitration award should be confirmed and that Mr. Atkins’ right to said award in full be declared. The cause proceeded to non-jury trial, and the trial court concluded that benefits received by an insured under the Federal Social Security Medicare Program were deductible from an arbitration award for uninsured motorist coverage under Section 627.727(1), Florida Statutes. We find to the contrary, and reverse and remand the cause.
The issue then, is whether Medicare payments (as provided for by the Health Insurance for the Aged and Disabled Act of 1965, Section 1395, et seq., 42 U.S.C.A.) are the type of benefits which should be deducted from an award in favor of an insured against an insurer under uninsured motorist coverage — in order to avoid “duplication” under Section 627.727, Florida Statutes (1973). Section 627.727(1) reads in pertinent part:
“The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen’s compensation law, personal injury protection benefits, disability benefits law, or any similar law
Appellee-insurer has maintained throughout the proceedings that Medicare benefits should be considered as embodied under the “disability benefits” or “similar law” phraseology of the statutory language; thereby, the uninsured motorist coverage may not duplicate Medicare payment benefits.
We must first determine whether Medicare constitutes “disability benefits” or comes under “any similar law.” This is a question of first impression in Florida, but the issue has been well settled in other jurisdictions that Medicare is social welfare legislation passed by the Congress to aid the general health and welfare of those over 65 years of age and is not an “insurance pro *1278 gram” within the ordinary meaning of the words. See, Witherspoon v. St. Paul Fire and Marine Insurance Company, 86 Wash.2d 641, 548 P.2d 302 (1976); Wo-jtkowski v. Hartford Accident and Indemnity Company, 27 Ariz.App. 497, 556 P.2d 798 (1976); Jones v. Aetna Casualty & Surety Company, 497 S.W.2d 809 (Mo.App.1973); Imvris v. Michigan Millers Mutual Insurance Company, 39 Mieh.App. 406, 198 N.W.2d 36 (1972). The Imvris court succinctly stated at 38, and we adhere to rationale of that opinion:
“It is true that there are aspects of the Medicare program which are similar to an insurance reimbursement plan. But the basic fact is that Medicare is a social welfare program and not an insurance or reimbursement plan within the everyday and ordinary meaning of these terms. Medicare was added to the existing Social Security laws in 1965 and as yet there have been few, if any, judicial decisions defining its scope ... In Flem-ming v. Nestor, 363 U.S. 603 [80 S.Ct. 1367, 1372; 4 L.Ed.2d 1435, 1443-1444] (1960), the United States Supreme Court stated that the social security system may be accurately described as a form of social insurance enacted pursuant to Congress’ power to spend money in the aid of the general welfare. In discussing the act, the Court said (p. 610 [80 S.Ct. 1367]): ‘It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.”
The Court of Appeals of Arizona in Wojt-kowski, supra, referring with approval to the reasoning of the holdings in Jones and Imvris, states at 800[1]:
“Buttressing the basic concept of the Im-vris court that Medicare provisions are social insurance as distinguished, from contractual insurance are certain Congressional enunciations of the purpose of Medicare, first enacted in 1965 . Medicare is expressly made inapplicable to 42 U.S.C.A. §§ 2651-2653, which permits the United States to recover from a tort feasor for medical expenses which it was obliged to provide the injured party, leading to the conclusion that if the government considered itself to be an insurer, it would have retained the right afforded by the statute rather than having excluded Medicare. See Carey v. Finch, 316 F.Supp. 1263 (D.C.La.1970) and note the unanimous opinion in Philpott et a 1. v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), holding that the New Jersey welfare agency was barred from recovery of advance payments of monthly disability assistance to recipient in view of 42 U.S.C.A. § 407, providing against transferability or assignability, etc., of future disability insurance benefits because of the Supremacy Clause. Note also the extensive discussions of Health Care in 35 Law and Contemporary Problems, pp. 667 et seq., as to alternatives to the present provisions of Medicare. ‘Current discussions of national health insurance are based, first, on a commitment that medical care should be available to everybody, and, second, on a belief that the costs of medical care should be met through group payment. The commitment to availability reflects a basic social policy stemming from widespread belief that no one in modern society should suffer because medical care is not available when and where it is needed.’ ”
A more recent decision of the Supreme Court of Washington, Ciminski v. SCI Corporation, 90 Wash.2d 802, 585 P.2d 1182 *1279 (1978), deals with the question of deductibility of Part A Medicare benefits from a personal injury recovery under Washington’s collateral source rule, and determined that the trial court properly refused to reduce the jury’s assessment of damages by the amount of the Medicare payment, quoting from the Witherspoon holding in support of its decision. Although none of the cases cited in this opinion deal with the issue in light of a statute such as our Section 627.727, we believe that the principle is the same — -that is, that the underlying purpose of Medicare precludes its being considered anything but a social welfare program. Furthermore, we reason that had the Florida Legislature intended that Medicare payments be included in those enumerated in the statutory provision for non-duplication, it would have stated so explicitly and specifically.
The trial court’s order cites the case of Travelers Insurance Company v. Varley, 421 S.W.2d 478 (Tex.Civ.App.1967) in support of its holding; however, the facts and rationale are entirely distinguishable. The court held that where the health and accident policy was issued eight years before the establishment of Medicare obligated the insurer to pay charges made by the hospital to the insured, the insurer was liable for hospital expenses even though no demand for payment was made on the insured by the hospital and charges were paid by Medicare — but that insured was not entitled to recover under “Hospital Expense” provisions of the policy for the room charge in excess of the room allowance, actual expenses under miscellaneous fees, or major medical expenses, since he did not pay such charges. The insurance contract between the appellant and the appellee in the case at bar was entered into long after the enactment of Medicare. And as a matter of public policy, we hold that the portion of the policy which tracks the “nonduplication” portion of Section 627.727(1) is not enforceable in the manner urged by appel-lee for the same reasons that we find that Section 627.727(1) does not implicitly include Medicare payments.
In summary, our conclusion is that Medicare is social insurance enacted by the Congress to aid the general welfare but cannot be analogized to any type of medical insurance program or medical reimbursement plan, where each party’s rights are determined by a contract of insurance and premium payments of the insured.
Accordingly, the instant cause is reversed and remanded with directions to proceed in light of the principles herein discussed.
Reversed and remanded.

. As a point of interest, the Wojtkowski court did make clear the distinctions as to Part A Medicare, 42 U.S.C.A. §§ 1395c-1395i-l and Part B Medicare, 42 U.S.C.A. §§ 1395j et seq. in holding that payments from Part A coverage were not within the terms of the certain insurance policy exclusions whereas payments under Part B coverage constituted “group insur-anee” within the exclusionary provisions of the policy. (Part A, hospital and related benefits is incorporated within the existing social security patterns and contributions are universal and mandatory; while Part B is the supplementary medical benefits plan and is voluntary and open to any person aged 65 or over irrespective of social security status.)