ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 64413. Submitted October 5, 1983, at Lansing.—Decided November 23, 1983.

In December, 1978, Michigan Bell Telephone Company filed an application with the Michigan Public Service Commission seeking a rate increase which would generate additional revenues of $142 million. Included in the application was a request for partial and immediate relief in the amount of approximately $48 million. At hearings held in March and April, 1979, Michigan Bell presented its proofs. At the close of these direct proofs, Michigan Bell filed a written motion for partial and immediate relief. After the filing of the statutorily required report by the Public Service Commission staff, the Attorney General offered sworn testimony and exhibits of two of his witnesses. Michigan Bell objected to the testimony and exhibits. The hearing officer ruled that the testimony and exhibits of the Attorney General would not be received for filing, nor would the witnesses be permitted to testify at that time. On June 5, 1979, the Public Service Commission issued an order granting partial and summary relief in the amount of approximately $41 million annually. The commission's order affirmed the hearing officer's determination to refuse to accept the Attorney General's offer of proof prior to the determination of the motion for partial and immediate relief. The Attorney General sought judicial review in Ingham Circuit Court of the June 5, 1979, order granting partial and summary relief. During the pendency of proceedings in the circuit court relative to the order of partial and immediate relief, the Public Service Commission entered a final order granting a rate increase in the amount of approximately $87 million, that increase incorporating the previously granted partial and immediate relief. On May 4, 1982, the Ingham Circuit Court, Ray C. Hotchkiss, J., filed an opinion and order affirming the June 5, 1979, order of the Public Service Commission. The Attorney General appeals. *Held:*

1. The Public Service Commission may grant to a public utility partial and immediate relief prior to the submission of

REFERENCE FOR POINTS IN HEADNOTE
64 Am Jur 2d, Public Utilities §§ 134, 266.

all the proofs of all interested parties. The commission, accordingly, may properly refuse to hear the proofs of those parties opposing a requested rate increase until after the commission has ruled upon the utility's petition for partial and immediate relief. The June 5, 1979, order granting the partial and immediate relief was a lawful order even though the hearing officer and the commission refused to permit the offering of opposition evidence prior to the decision on the interim rate request.

2. Because the commission's June 5, 1979, order is determined to be lawful, it is unnecessary to determine whether the entry of the final order granting an increase greater than that granted in the order of partial and immediate relief renders moot an appeal from the interim order where, as here, there is no appeal of the final order.

Affirmed.

PUBLIC UTILITIES — ADMINISTRATIVE LAW — INTERIM RATE INCREASE — PROOFS.

The Public Service Commission may grant to a public utility partial and immediate relief in a rate case prior to the submission of all the proofs by all interested parties; accordingly, it is not error for the commission to refuse to permit an interested party to present its proofs prior to the commission's ruling on the petition of the utility for partial and immediate relief (MCL 460.6a[1]; MSA 22.13[6a][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*Don L. Keskey,* Assistant Attorney General, for the Public Service Commission.

*H. Wayne Wells, Thomas J. Reiman,* and *Thomas J. Quarles,* and *Dykema, Gossett, Spencer, Goodnow & Trigg,* for Michigan Bell Telephone Company.

Before: ALLEN, P.J., and BEASLEY and M. E. CLEMENTS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On December 7, 1978, Michigan Bell Telephone Company (hereinafter Bell) filed with the Michigan Public Service Commission (hereinafter MPSC) an application for a rate increase, seeking additional revenues of $142 million. Included in the application was a request for partial and immediate relief in an amount of approximately $48 million, to cover higher labor costs allegedly already effective in 1978 and those to become effective in 1979.

Starting on March 5, 1979, Bell presented its direct case, continuing for 32 hearing days and completing the same on April 18, 1979. On that date, April 18, 1979, Bell filed a written motion for partial and immediate relief in the amount of $48 million annually, being a renewal of its original application for that partial and immediate relief.

On April 27, 1979, the MPSC staff filed its statutory report, after which plaintiff-appellant, Attorney General, offered the sworn testimony and financial exhibits of two of its witnesses. Responding to Bell's objection, the hearing officer ruled that he would not receive for filing the testimony and exhibits of the Attorney General, nor would he permit the witnesses to testify at that time.

On June 5, 1979, the MPSC issued an order granting partial and immediate relief in the amount of approximately $41,230,000 annually. In this order, the MPSC affirmed the exclusionary ruling regarding the offering of proof by plaintiff-appellant, Attorney General. On July 5, 1979, the Attorney General filed a complaint for statutory judicial review of the commission's partial and immediate rate order of June 5, 1979, including a motion for temporary injunction, which was argued on August 13, 1979, and was denied in an oral opinion from the bench on that day.

Subsequently, on October 31, 1979, an order incorporating the ruling was filed. On February 13, 1980, the Ingham County Circuit Court, ruling on a motion for rehearing filed by the Attorney General, required the filing of a refund bond. On May 4, 1982, Judge Hotchkiss, of the Ingham County Circuit Court, filed an opinion and entered an order affirming the June 5, 1979, order of the MPSC. That latter order of the Ingham County Circuit Court is now before this Court on appeal.

Subsequent to the MPSC order of June 5, 1979, further hearing was held at which evidence was produced and which hearing was closed on July 13, 1979. On April 1, 1980, the MPSC issued its final rate order in this case, granting a rate increase in the amount of approximately $87.2 million, which includes the amount previously granted as partial and immediate relief.

On appeal, plaintiff-appellant Attorney General raises two issues. First, he claims that the MPSC acted unlawfully in granting the partial and immediate rate relief provided in the June 5, 1979, order, for the reason that customers and their representatives were not permitted to offer evidence in opposition to the rate increase. Secondly, he says that, since the order was unlawful, Bell must refund the monies collected pursuant to it.

On December 23, 1982, the Supreme Court decided *Great Lakes Steel Division of National Steel Corp v Public Service Comm,*[1] involving issues largely similar to those present in this case. In January, 1983, Michigan Bell filed a motion to affirm, based upon *Great Lakes Steel,* which motion has not been decided.

The key part of the statute upon which the MPSC order was based provides that:

---

[1] 416 Mich 166; 330 NW2d 380 (1982).

"* * * the commission, pending the submission of all proofs by any interested parties, may in its discretion and upon written motion by such utility make a finding and enter an order granting partial and immediate relief". MCL 460.6a(1); MSA 22.13(6a)(1).

In *Great Lakes Steel, supra,* as here, attack is made upon the "partial and immediate" rate increase granted by the MPSC. In *Great Lakes Steel,* the Court said:

"[W]e confine our holding to the determination that the partial and immediate rate order is not a 'final order' within the meaning of § 85 of the APA and Const 1963, art 6, § 28, and thus need not comply with their requirements."[2]

We do not find that the factual situation in *Great Lakes Steel* distinguishes it from the factual situation in the within case. Since the reasons for the attack on the partial and immediate rate increase in the within case are substantially similar to those asserted in *Great Lakes Steel,* we find that the decision in *Great Lakes Steel* controls the within case and conclude that the appeal is without merit.

The effect of our decision is to hold that the refusal by the MPSC to permit the Attorney General to present his case *before* ruling on the petition for partial and immediate rate was not in error. In view of our holding, it is unnecessary for us to decide whether or not this appeal taken by plaintiff-appellant Attorney General is moot. However, we do note that full hearing has now been had and an order entered permitting a rate increase which includes and is larger than the interim rate increase which is the subject matter of

[2] 416 Mich 176-177.

this appeal. Also, we note that this final disposition of the rate increase request by the MPSC has not been appealed. Therefore, while unnecessary to decision here, these facts suggest mootness.

Since we find the order for partial and immediate relief lawful, no comment is required regarding the second issue involving refund of monies collected under that order.

Affirmed.