ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 75878. Submitted November 21, 1984, at Lansing.—Decided January 3, 1985. Leave to appeal applied for.

The Detroit Edison Company petitioned the Public Service Commission for a rate increase for electricity and steam which it supplied. Accompanying the petition was a request for immediate and partial relief in the form of an interim rate increase. The commission, in considering the request for the interim rate increase, refused to receive and consider certain evidence submitted by the Attorney General in opposition to the interim rate increase and, thereafter, granted an interim rate increase. The Attorney General sought review of the commission's interim rate order in Ingham Circuit Court. The Detroit Edison Company intervened. The trial court, Jack W. Warren, J., affirmed. The Attorney General appealed to the Court of Appeals, claiming that the commission erred in refusing to receive and consider the proffered evidence before granting the interim rate increase. *Held:*

To require the Public Service Commission to receive and consider evidence in opposition to a request for an interim rate increase would render the hearing on the interim rate request indistinguishable from the hearing on the permanent rate increase request. Accordingly, the commission may refuse to receive and consider evidence in opposition to the rate increase at the interim rate increase hearing. The refusal to receive and consider such evidence at the interim rate hearing is not violative of due process, since the interim rate order is subject to immediate review to determine whether it is unlawful or unreasonable and, to the extent that evidence at the full hearing on the request for a permanent rate increase shows that the interim rate increase was unnecessary, relief in the form of refunds can be made part of the final order.

Affirmed.

Public Utilities — Public Service Commission — Rates — Interim Rates — Evidence — Due Process.

The Public Service Commission may grant an interim rate in-

Reference for Points in Headnote
64 Am Jur 2d, Public Utilities §§ 132, 134, 240, 266, 269, 281-283.

crease to a utility pending submission of all the proofs by any interested parties; in making its determination of an interim rate increase the Public Service Commission may properly refuse to receive and consider evidence of a party opposing the increase, since to require admission and consideration of such evidence would render the interim rate increase hearing indistinguishable from the permanent rate hearing; the less exhaustive hearing procedure does not violate due process since there is a right to immediate judicial review of the interim rate order to ascertain whether the interim rate increase was unlawful or unreasonable and, to the extent that the evidence at the full hearing establishes that the interim rate increase was excessive, either the commission in its final order or a court in its review of the final order can provide an adequate remedy by requiring the utility to make direct payments of refunds to the utility's customers (MCL 460.6a; MSA 22.13[6a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for plaintiff.

*Don L. Keskey* and *Leo H. Friedman,* Assistants Attorney General, for the Michigan Public Service Commission.

*Leon S. Cohan* and *David L. Clark,* and *Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.* and *Sidney M. Berman*), for The Detroit Edison Company.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. The Detroit Edison Company was granted an interim rate increase in the amount of $35,415,000 by the Public Service Commission on February 17, 1978. This decision was reaffirmed by the PSC on February 23, 1983, following a remand order by the Ingham County Circuit Court. After remand to the PSC, the PSC decision was affirmed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the circuit court in December, 1983. The plaintiff, the Michigan Attorney General, now appeals to this Court. We affirm the circuit court.

This case involves a partial and interim rate increase granted by the PSC to Edison under MCL 460.6a; MSA 22.13(6a).[1]

The basic facts of this case are set forth in *Attorney General v Public Service Comm,* 136 Mich App 515; 358 NW2d 351 (1984), and *Great Lakes Steel Division of National Steel Corp v Public Service Comm,* 416 Mich 166; 330 NW2d 380 (1980), *reh den* 417 Mich 1105 (1983). The only aspect of the case before this Court concerns the partial and interim rate relief in the amount of $35,415,000 which was initially granted in that amount on February 17, 1978.

The issue is whether the PSC acted unreasonably and unlawfully by refusing to receive and consider the Attorney General's evidence before granting the interim rate increase. This issue involves interpretation of MCL 460.6a; MSA 22.13(6a), which provides that an interim rate increase may be granted pending submission of all proofs by any interested parties. In *Great Lakes Steel, supra,* pp 181-182, the Court noted that a

---

[1] A *final* rate order in this matter was entered by the PSC on September 28, 1978. Edison was granted a rate increase in the amount of $83,792,000. This order was affirmed by the circuit court in August 1982. The circuit court was affirmed by this Court in *Attorney General v Public Service Comm,* 136 Mich App 515; 358 NW2d 351 (1984). The case at bar was also reported previously in *Great Lakes Steel Division of National Steel Corp v Public Service Comm,* 416 Mich 166; 330 NW2d 380 (1982), *reh den* 417 Mich 1105 (1983), *rev'g* 94 Mich App 694; 290 NW2d 54 (1980). In *Great Lakes, supra,* the Supreme Court concluded that an order of the PSC granting partial and immediate rate relief to a public utility pending a decision on a utility's request for a permanent rate increase was not a final order within the meaning of the Administrative Procedures Act or the Michigan Constitution. The Court held the standard of review was whether the order was unlawful or unreasonable and that an order of the PSC establishing either an interlocutory or final rate was immediately reviewable to determine whether the rate was unlawful or unreasonable.

less exhaustive procedure is to be followed when deciding a motion for an interim rate change than when a motion for a final rate change is made. To require admission of the evidence offered by the Attorney General would make the interim rate hearing indistinguishable from the permanent rate hearing. This Court reached a similar conclusion in *Attorney General v Public Service Comm,* 63 Mich App 69, 77; 234 NW2d 407 (1975), *lv den* 395 Mich 779 (1975). The Supreme Court decision in *Great Lakes Steel, supra,* compels the conclusion that the PSC did not err by refusing to receive and consider evidence submitted by the Attorney General prior to deciding the motion by a utility for interim partial and immediate rate relief. More recently the same result was reached in *Attorney General v Public Service Comm,* 131 Mich App 565; 346 NW2d 55 (1983), *lv gtd* 419 Mich 943 (1984). We note that there was no violation of due process by the grant of interim and partial rate relief in this case. In *Great Lakes Steel, supra,* p 183, the Court stated:

"We are satisfied that the availability of immediate review under the 'unlawful or unreasonable' test of § 26 [MCL 462.26; MSA 22.45] is sufficient to protect the interests of both the utilities and utility customers alike and, at the same time, comply with the intent of the Legislature that the interim rate order be subject to prompt judicial scrutiny. Further protection, of course, is provided by way of an appeal from any final order of the commission which fails to direct payment of refunds when they are justified. If the parties had proposed the inclusion of such a remedy in the final order in this case, and the commission denied the payment of any refunds warranted by the facts, the plaintiffs could have appealed."

Likewise in *Attorney General v Public Service Comm, supra,* 63 Mich App 71, this Court stated:

"The commissioners, gubernatorial appointees, and their hearing examiners are adjudicators. The technical staff, utility financial return analysts, and other technical experts review rate increase petitions and take positions pro or contra the increase. 'They' (usually referred to as 'the staff') appear in the adjudicatory process in the same manner as the utility representatives. They introduce their own exhibits and qualify their own experts so as to be entitled to give opinion evidence. They may argue orally, if they choose. In this role they are completely independent of the adjudicating branch of the commission."

It is clear that no due process violation resulted by the PSC's exclusion of evidence prior to ruling on the motion for an interim rate increase. Even though the evidence was excluded, ratepayers and other interested parties are adequately protected. The facts in this case show that the staff recommendations for the interim increase were for less than the amount requested by Edison and for less than the amount awarded by the PSC. This militates against the conclusion that the procedure employed in setting the rate increase was unfair or one-sided. We also note that review is available in opposition to an interim rate request. *Great Lakes Steel, supra,* pp 181-182. This further buttresses our conclusion here.

Our resolution of this issue makes it unnecessary for us to address the Attorney General's other issues on appeal.

Affirmed.